### A. J. CRAMPTON v. IVIE BROS.

(Decided June 14, 1900.)

*Petition to Rehear—Negligence of Drivers—Primary, Contributory—Proximate, Remote.*

1. If plaintiff was injured through negligence of defendant proximately concurring with that of plaintiff's driver, he can recover.

2. If defendant's negligence was remote and did not proximately or directly concur in producing plaintiff's injury, he can not recover.

3. If the negligence of plaintiff's driver was the sole proximate cause of his injury, he can not recover, but must look to his driver or his driver's master. This would be the primary negligence of his driver.

4. If the proximate cause of the injury was the negligence of plaintiff himself, he can not recover, as this would be his own negligence.

PETITION TO REHEAR case reported in 124 N. C., 591. Petition allowed.

DOUGLAS, J., writes the opinion of the Court.

MONTGOMERY and FURCHES, JJ., dissent from that part of the opinion in which a new trial is granted.

*Messrs. Burwell, Walker & Cansler,* and *Scott & Reid,* for petitioners.
*Messrs. Jones & Tillett, contra.*

DOUGLAS, J. This is a petition to rehear the case reported in 124 N. C., 591. It was then decided by a bare majority of the Court, and now we find it impossible to come to a unanimous decision, and difficult to come to any decision at

all, under the circumstances, and in view of the fact that there is grave doubt in our minds whether the essential principle of proximate cause was properly explained to the jury, we think that substantial justice will be best subserved by granting a new trial.

We may regard it as settled law that the negligence of the driver of a public conveyance is not imputable to a passenger therein, unless the passenger has assumed such control and direction of said vehicle as to be considered practically in exclusive possession thereof. In other words, the possession of the passenger must be such as to supersede for the time being, the possession of the owner to the extent of making the driver the temporary servant of the passenger. The contrary doctrine that the negligence of the driver was imputable to the passenger seems to have had its origin in the English case of *Thorogood v. Bryan,* decided in 1849, and reported in 8 C. B., 115. For a time this celebrated case bade fair to receive general acquiescence, but was subsequently doubted, and finally directly overruled in the recent English case of The Bernina, 12 Prob. Div., 58. In the meantime, the doctrine had met but scant favor in this country, and was distinctly repudiated by the Supreme Court of the United States in *Little v. Hackett,* 116 U. S., 366, decided in 1886, in which it was held that the passenger could not be held accountable for such negligence. The same conclusion had been announced by the Supreme Court of New Jersey in *Railroad v. Steinbrenner,* 47 N. J. Law, 161 (54 Am. Rep., 126), where the principle is elaborately discussed. So far we have no trouble; but there is an essential difference between the contributory negligence of the driver and his primary negligence. Contributory negligence presupposes the negligence of the defendant causing the injury to which the negligence of some one else has contributed. Strictly speaking, con-

CRAMPTON *v.* IVIE BROS.

tributory negligence applies only to the plaintiff or some one whose negligence is legally attributable to the plaintiff. If the plaintiff was injured through the negligence of the defendant proximately concurring with that of the plaintiff's driver, then he can recover, as the negligence of his driver is not imputable to him unless, as stated above, he had assumed such complete control over the vehicle as to control its management. On the other hand, if the defendant's negligence was remote and did not proximately, either immediately or by a direct line of causation, produce or concur in producing the plaintiff's injury, he can not recover, not because he is responsible for the negligence of his driver, but because the defendant has not been guilty of any actionable negligence. Again, if the negligence of his driver was the sole proximate cause of his injury, he can not recover from the defendant, but must look to the driver or the driver's master. This would be the primary negligence of the driver. Again, if the proximate cause of the injury was the negligence of the plaintiff in negligently jumping out of the buggy, or negligently sitting therein so as to fall out from some otherwise inadequate cause, he can not recover, as this would be his own negligence.

We have endeavored briefly to lay down the principles that should govern a new trial, but the testimony may so materially alter the application of these principles or bring new ones in requisition, that it is impossible to anticipate the course of the trial.

For reasons stated above a new trial must be ordered.

New trial.

MONTGOMERY, J., dissents from that part of the opinion of the Court in which a new trial is granted. My views are fully set forth in the opinion of the Court as reported in 124 N. C., 591.

FURCHES, J., also dissents.