[No. 4390.]

TANNER ET AL. v. HARPER.

**1. Negligence — Pleading — Amendment — Change of Cause of Action.**

Where a complaint alleged an injury caused by defendants' negligence in the manner of operating their mine and the defective construction of certain specified appliances therein, an amendment which further alleged that the injury was caused by defects in the condition of the ways, works and machinery used in operating the mine and the incapacity of defendants' superintendent, did not change the cause or character of action.

**2. Pleading—Amendment—Discretion—Appellate Practice.**

The granting of leave to amend a complaint which does not change the cause of action is within the discretion of the trial court, and unless it affirmatively appears that such discretion has been abused to the prejudice of the defendant, its action will not be interfered with on review.

**3. Evidence—Responsive—Negligence.**

In an action for injuries caused by a truck falling down a winze of a mine in which plaintiff was at work, where the track on which the truck ran passed over the mouth of the winze, and trap doors over the winze when closed constituted part of the track, and the negligence relied upon was the construction of the track and the way the trap doors opened, a witness was asked what he observed in regard to the track and answered that according to his judgment the trap doors were put in wrong. Held, that the answer was responsive and should not have been stricken out on that ground.

4.  Evidence—Opinions—Objections—Appellate Practice.

An objection to evidence on the ground that it was merely the opinion of the witness will not be considered on appeal where no such objection was made in the trial court.

5.  Negligence—Evidence.

In an action for damages for injuries to plaintiff caused by a truck falling down a winze of a mine in which plaintiff was at work, the evidence considered and held sufficient to justify a submission to the jury of the questions of defendants' negligence and plaintiff's contributory negligence and to support a verdict in plaintiff's favor.

6.  Negligence—Evidence—Verdict—Appellate Practice.

Where the evidence is sufficient to submit to the jury the questions of defendants' negligence and plaintiff's contributory negligence, and to support the jury's verdict thereon, such verdict will not be disturbed on appeal.

7.  Master and Servant—Fellow-Servant—Concurrent Negligence.

Where an employee is injured by the negligence of a coemployee, but the injury would not have happened except for the negligence of the common employer, the employer is responsible for the injury.

8.  Instructions—Considered as a Whole.

Where the separate paragraphs of an instruction state the law upon the different phases of the case, and each paragraph is complete within itself on the subject to which it refers, there can be no conflict between the different paragraphs; and where the instruction taken as a whole correctly defines the law, it is not subject to the objection that some of the paragraphs omit other phases of the case and are in conflict with other paragraphs.

9.  Instructions—Refusal Not Prejudicial.

A party cannot complain of a refusal to give an instruction upon a controverted question of fact where the jury determined the fact against the party asking the instruction.

10.  Same.

It is not prejudicial error to refuse to give an instruction requested where the instruction is substantially incorporated in the instructions given.

11.  Negligence—Impaneling Jury—Non-Prejudicial Errors.

In an action by an employee against his employers for injuries alleged to have been caused by defendants' negligence, a statement by plaintiff's counsel to the jury that an insurance company was the real party in interest, and a question to each juror whether he was acquainted with the insurance company

in question, was not reversible error where it affirmatively appears that defendants were not prejudiced thereby.

*Error to the District Court of Teller County.*

Action by defendant in error to recover damages for personal injuries claimed to have been caused by the negligence of plaintiffs in error. From a verdict and judgment in the sum of five thousand five hundred dollars, the defendants bring the case here for review on error. The errors assigned are: permitting an amended complaint to be filed; refusal to strike certain testimony; overruling motions for nonsuit and to direct verdict for defendants; the giving and refusal of instructions; alleged improper statements of counsel, and the examination of the jurors on their *voir dire.*

Mr. J. T. Locke and Messrs. Thomas, Bryant & Lee, for plaintiffs in error.

Mr. Henry H. Clark, for defendant in error.

Chief Justice Gabbert delivered the opinion of the court.

Plaintiff was in the employ of defendants, who were engaged in operating a mine under a lease, and while in the discharge of his duties growing out of such employment, was injured by a truck falling down a winze in which he was at work. The complaint filed averred that the injury sustained was caused by the negligent manner the defendants operated their mining property, and the defective construction of certain specified appliances therein. To this complaint an answer was filed to which the plaintiff replied. Afterwards, over the objection of the defendants, plaintiff was permitted to file an amended complaint which, in addition to the negligence pleaded in the original complaint, further alleged that

the injury was caused by reason of defects in the condition of the ways, works, and machinery connected with, and used by, defendants in operating the mine, and that their superintendent was incompetent. The amended complaint did not change the cause or character of action. Both were based upon the alleged negligence of the defendants. It does not appear that defendants were prejudiced by the amendment. The granting of leave to amend a complaint which does not change the cause of action, is within the discretion of the court, and unless it affirmatively appears that this discretion has been abused to the prejudice of the defendant, its action will not be interfered with on review.—*Cascade Ice Co. v. Water Co.,* 23 Colo. 292; *Davis v. Johnson,* 4 Colo. App. 545.

During the progress of the trial, a witness on behalf of the plaintiff was being interrogated regarding a track constructed from the mouth of the winze upon which a truck that caused the injury to plaintiff was operated. Over the mouth of the winze trap doors had been placed, which, when closed, constituted a part of the track. The construction of this track, as well as the way the trap doors opened, was relied upon by plaintiff to establish the negligence of the defendants. The witness, after being interrogated with respect to his inspection of the track, was asked what, if anything, he observed in regard to it, and in reply answered: "I observed that the trap doors were, according to my judgment, put in wrong; that is, that would be my judgment." The defendants moved to strike this answer, upon the ground that it was not responsive, which motion was overruled. The trap doors were a part of the track, and the way they opened was claimed to be faulty. In these circumstances it cannot be successfully urged that the answer was not responsive to the question.

The principal objection now called to our attention is, that the answer did not state facts, but the opinion of the witness, which was improper. That objection was not called to the attention of the trial court by the motion made, and cannot be raised for the first time on review.

At the conclusion of the testimony for plaintiff, defendants moved for nonsuit, and at the close of all the evidence, for a verdict in their favor. These motions, as now argued, were based substantially upon the following grounds: (1) Plaintiff knew, or should have known, of the defects which he claimed caused his injury; (2) there was a failure of proof that the defendants were negligent; and (3) the proximate cause of the injury was the negligence of a fellow-servant. Under the pleadings the issues were the negligence of the defendants, the contributory negligence of the plaintiff, and the negligence of a fellow-servant. All these issues, by the verdict returned, were resolved in favor of plaintiff, and the several questions presented by the motions can best be determined by a consideration of the sufficiency of the testimony to sustain the general finding on the issues presented, and the province of the jury in cases of this character.

According to the testimony, plaintiff was engaged in working at the bottom of a winze. From the collar of this shaft a track was constructed along the level in which it was sunk, upon which a truck was operated to move the ore and waste hoisted from the winze to the level. Over the mouth of the winze trap doors were placed upon which this track was extended so that the truck could be run upon the doors when closed. These doors opened parallel with the track. If they had opened crosswise, the door next to the stationary track, when open, would have lain across or against the track at right angles. When the

bucket used in hoisting from the winze was raised sufficiently high above the level of the doors, they were closed, the truck run on the track thereon, the bucket lowered onto the truck and unfastened from the rope used in hoisting it from the winze. The truck was then pushed along the track to the point where the bucket was taken up by another hoisting apparatus and conveyed to the surface. When the bucket was returned to the truck, the latter was again run upon the trap doors, the bucket fastened to the rope and elevated sufficiently to clear the truck, when it was pushed from the doors to the stationary track, and the doors opened, so as to permit the bucket to descend into the winze. This track, it is claimed, for a distance of ten or twelve feet from the mouth of the winze, was constructed on an incline towards the winze. In fact, counsel practically concede that this was the fact. To prevent the truck being precipitated into the shaft when the doors were open, a timber was fastened to a pivot attached to one of the uprights, which it was intended should be dropped across the track near the mouth of the winze, and when down, it is claimed by some of the witnesses, was sufficient to prevent the truck from being precipitated into the shaft, while others said that it was not, because of its insufficient strength, or because the end not fastened had no support against a pressure towards the shaft.

The person engaged in operating the truck had returned with the empty bucket, fastened it to the rope, and as soon as the bucket was clear of the truck, shoved or kicked the latter on to the track, and hoisted the trap doors. Just at this moment an accident happened to the lights, and without paying any attention to the truck, or putting down the bar, he proceeded to attend to the lights, with the result that the truck, by force of gravity on account of the incline

of the track, was precipitated into the shaft, striking plaintiff and injuring him very severely. It may be said here that the person engaged in operating the truck admits he knew of the incline, and that the truck, unless restrained in some way, if standing upon this part of the track, would run into the shaft. This incline was not particularly marked, and but one witness stated that he noticed it from a casual examination with the naked eye. Plaintiff had no knowledge of the track inclining towards the shaft, and had nothing to do with its construction. He had been engaged in the shaft but three or four days prior to his injury, subsequent to the date when the trap doors were put in and the track extended thereon. In going to and from his work he passed over this track. There is testimony to the effect that at least one of the defendants knew of the incline in the track.

It was the duty of the defendants to exercise ordinary care in rendering the winze in which the plaintiff was working, reasonably safe, and to this end it devolved upon them to exercise ordinary care in constructing the track running to the mouth of the shaft in such manner, and providing appliances to be used in connection therewith, as would be reasonably sufficient to prevent the truck from being precipitated into such shaft.

In this connection it is also proper to observe that the care required of them in this respect would be such as reasonably prudent men would exercise under similar circumstances, having in mind the dangers naturally to be apprehended from the operation of a truck on a track extended to the mouth of the shaft. Counsel, from their argument, appear to assume that because a bar was provided to drop across the track for the purpose of preventing the truck from being precipitated into the shaft, and as the party operating the truck neglected to use the

bar for this purpose, that therefore the proximate cause of the injury to plaintiff was the negligence of the trammer. This view cannot be sustained. Whether or not the defendants had exercised the degree of care imposed by the law in constructing the track and appliances to be used in connection therewith, to prevent the truck from running into the shaft, was a question for the jury to determine from the testimony. The evidence was certainly sufficient upon which to submit this question, and being sufficient for that purpose, the finding that defendants were negligent will not be disturbed.

There was no proof that plaintiff knew of the incline in the track. He had worked but a few days after it was connected with the doors. · It was no part of his duty to operate the truck. His work was confined to the bottom of the shaft. The only question was, whether or not, by the exercise of ordinary care, he should have observed the defect in the track. The incline was not so marked that it could readily be detected by observation alone. So that, in the circumstances of this case, the question of his alleged contributory negligence was within the province of the jury to determine.—*Sampson M. & M. Co. v. Schaad*, 15 Colo. 197; *Clow v. Boltz*, 92 Fed. 572; *U. P. R. Co. v. Jarvi*, 53 Fed. 65.

Having determined from testimony sufficient to support their conclusion that he was not guilty of contributory negligence in the respect urged, the finding on that question must stand.

The jury having necessarily determined that the defendants were negligent, and that plaintiff was not guilty of contributory negligence, the question of the negligence of the trammer is practically eliminated. In the order of events the injury was caused by the grossly culpable negligence of the trammer, but if the defendants had taken the proper precau-

tions to keep the truck from falling into the shaft in the circumstances it did, the injury would not have happened; so that the sole cause of the plaintiff's injury was not the negligence of the trammer in handling the car, but the result of the concurrent negligence of the defendants in failing to exercise a reasonable degree of care to prevent the car from being precipitated into the shaft when left standing upon the track. When the injury of an employee by a coemployee would not have happened except for the negligence of the common employer, the latter is responsible for the injury.—*Cone v. Del., L. & W. R. R. Co.*, 81 N. Y. 206; *Sherman v. The Menominee R. & L. Co.*, 72 Wis. 122; *D. & R. G. Ry. Co. v. Sipes*, 26 Colo. 17; *Grand Trunk Ry. Co. v. Cummings*, 106 U. S. 700; Shearman & Redfield on Negligence, § 10; quoted with approval in *C. M. & I. Co. v. Ross*, 21 Colo. 435.

Objections are urged to the instructions given upon the ground that they were mere abstract propositions of law, too technical to be easily comprehended by the jury. The instructions are not open to this objection. It is also urged that one of the instructions given is faulty because it omits the doctrine of negligence of a fellow-servant, and is in conflict with other instructions in which the law on this subject is stated. The objection is not well taken. The instructions referred to merely state the law on the different phases of the case. Each is complete within itself on the subject or subjects to which it refers; hence, there is no conflict. These instructions must be considered as a whole on the different questions involved. This instruction is also criticised because it is said to advise the jury in effect that plaintiff was entitled to recover if the track and appliances were unsafe, without regard to whether this condition was caused by the negligence of the defend-

ants. The instruction is not as accurately worded as it should be, but on the whole, and when read in connection with other instructions on the subject, is not open to the objection offered.

It is also urged that a further instruction is erroneous because it improperly states the degree of care which the defendants were required to exercise. The objection is not tenable. The law on that subject had already been given, and the part of the instruction challenged but advised the jury that if the negligence of the defendants was the proximate cause of plaintiff's injury, they were responsible. This instruction is readily distinguished from the one referred to in Grant v. Varney, 21 Colo. 329. In that instruction it was clear the jury were improperly advised as to the degree of care which the defendants were required to exercise.

It is also urged that if an instruction given at the request of defendants had been followed, the jury should have returned a verdict in their favor. This instruction, if proper, called the attention of the jury to a controverted question of fact, and as they evidently determined this fact against the defendants upon testimony sufficient to support their conclusion, the defendants cannot be heard to complain. The instruction requested by defendants and refused was substantially incorporated in those given.

When the jury were being impaneled, one of the counsel for plaintiff stated that an insurance company was the real party in interest, in defense of the suit. Counsel for defendants objected to this statement, and the court thereupon advised the jury that they should disregard the remark of counsel. On the examination of the jurors on their voir dire, counsel for plaintiff, over the objection of defendants, were permitted to ask each juror whether he was acquainted with the insurance company in question, and

whether he had been in its employ. If the statement complained of was erroneous, and was not cured by the ruling of the court, or if the questions to the jurors were improper, they are not sufficient to work a reversal if it affirmatively appears that the defendants were not prejudiced thereby. The great weight of the testimony on the question of the negligence of defendants in constructing the track, and also on the subject of the alleged contributory negligence of the plaintiff, was overwhelmingly in favor of the latter. He was very seriously injured. The extent of his injuries was such that the amount awarded by the verdict returned is not at all unreasonable. So it appears from the record that there were no close questions of fact in the determination of which the jury might have been unconsciously influenced by the consideration of extraneous and improper matter. We conclude, therefore, that it affirmatively appears the defendants were not prejudiced by the alleged errors, and hence, cannot complain of their commission.—*Manigold v. Black River Traction Co.*, 80 N. Y. Supp. 861.

The judgment of the district court is affirmed.

*Affirmed.*