[No. 6990.]

## CARLOCK v. DENVER & RIO GRANDE RAILROAD CO.

1.  NEGLIGENCE—*Pleading*—A brakeman of defendant, sueing for an injury attributed to defendant's failure to block a frog in the yard where he was employed, averred that he had no notice that the frog was unblocked. Held a sufficient allegation of the ultimate fact in question, excluding the inference that he had assumed the risk of injury from defendant's neglect.

2.  ——*Proximate Cause*—Negligence, to afford an accident to the injured party, must be the proximate cause of the injury.

3.  —— ——*Definition*—The proximate cause of an injury is not necessarily the occurrence nearest in time to the event, but rather that which is nearest in the order of · responsible causation; the efficient and dominating cause.

4.  ——*Negligence of Defendant Concurring with that of Another.* Where an injury is the result of the concurring negligence of the defendant and a third person, for whose act neither the plaintiff nor defendant was responsible, the defendant is liable, if the injury would not have occurred but for his negligence.

5.  ——*Example.* A brakeman of defendant, engaged in making a coupling was injured by defendant's failure to block a frog in the switch-yard, as required by statute (Rev. Stat. Secs. 5507, 5508), and the negligence of another servant of defendant in setting in motion other cars, which, colliding with those between which plaintiff was working, dragged him to the unblocked frog, where his foot was caught, plaintiff thrown down, and his leg crushed. *Held* that the negligence of defendant in leaving the frog unblocked was the proximate cause of the injury, and defendant liable therefor.

6.  RAILROAD COMPANY—*Duty to Anticipate the Possible Results of Its Negligence*—A railroad company is bound to anticipate the injuries which may result to its employes from its failure to comply with a statute enacted for their protection.

7.  STATUTES—*Construed*—In an action by a servant against master under the Employer's Liability Act of 1901 (Rev. Stat. secs. 2065, 2066) it was contended that by the last section, the act of 1893 (Laws 1893, 129) as well as the act of 1877, (Rev. Stat. 2056-2058) were expressly saved; that all these, therefore, were to be taken together; with the result that the action could not be maintained under the act of 1901, unless written notice of the time, place and cause of the injury had been given, as required by sec. 2 of the act of 1893. Considering that nothing in the act of 1901 indicates that it is an amendment to, or to be considered as part of, the act of 1893; that the act of 1901 is complete in itself; that no notice to the employer is thereby required; that its prime purpose was to do away with the negligence of

a fellow servant, as a defense, in action for personal injuries or death resulting from neglects of the master, the court repel this contention, rejecting the authority of Lange v. Union Pacific Co. 126 Fed. 198.

Whether the act of 1893 remains in force Quaere.

*Error to Denver District Court.*—Hon. Harry C. Riddle, Judge.

Mr. John W. Helbig, for plaintiff in error.

Mr. E. N. Clark, and Mr. George P. Steele, for defendant in error.

Mr. Justice Gabbert delivered the opinion of the court:

Plaintiff in error commenced an action against defendant in error to recover damages for a personal injury alleged to have been caused by the negligence of the defendant, or negligence for which it was responsible. The complaint was in two counts. The first count, so far as material to consider, charged that plaintiff was employed by defendant as head-brakeman, and that in the discharge of his duties he was assisting in making up a train; that in making it up part of the cars were placed on the main track, about 75 feet from its intersection with a siding, at which point there was an unblocked frog; that the track had a descending grade towards this point; that the locomotive was temporarily detached from the cars, which were held in place by hand-brakes; that he went between the cars to make a hose-coupling; that while so engaged another brakeman in the employ of the defendant released the hand-brakes which set the cars in motion; that one of the appliances used in connection with the air-brakes caught in his coat and held him captive, with the result that he was dragged to the intersection of the main track and a siding, where his foot was caught in an unblocked frog, and he was thrown down and his left leg run over by the wheels of the moving cars, and so severely injured that it was necessary to amputate it near the hip joint.

It was further charged in this count as follows: "And plaintiff further alleges that he did not, at any time prior to receiving his injuries herein mentioned, know or have notice whatever that the railroad frog or space between the rails aforesaid was unblocked, or in a defective condition, as aforesaid."

By the second count it is sufficient to state that by apt averments it is made to appear that plaintiff's injury was caused by the negligence of the rear brakeman, a co-employe, in releasing the brakes which set the cars in motion, whereby plaintiff was thrown down and his leg crushed. It is not averred in this count that written notice of the time, place and cause of plaintiff's injury was given the defendant within sixty days of the date he was injured.

To each of the counts a general demurrer was interposed and sustained. Plaintiff elected to stand by his complaint, and his action was dismissed.

The first count, as stated by counsel for plaintiff, is founded upon defendant's common law liability in maintaining an unblocked frog; and the second count charges the injury, under the Employers' Liability Act of 1901, Session Laws 1901, 161, as having been caused by the negligence of a fellow servant, and the question presented is, whether a cause of action is stated in either of these counts. The laws of this state require railroad companies to block what is generally known in railroad parlance as frogs, and provides that a failure to do so shall be prima facie proof of negligence in actions for injuries occasioned by being caught in unblocked frogs. Session Laws 1897, 258; R. S. 1908, § 5507-8. The first count charges negligence in this respect; but does it appear that this negligence was the proximate cause of plaintiff's injury? This is the important question, for the reason that merely charging negligence is not sufficient, as, in addition, it must appear, in order to render the defendant

liable for such negligence, that it was the proximate cause
of the injury for which a recovery is sought.  In other
words, in a case for personal injury based on failure of
the defendant, to obey a statute, the violation of the stat-
ute must be shown to have been the dominant cause of the
injury; otherwise, a cause of action is not stated.—*A. T.
& S. F. Ry. Co. v. Walz,* 40 Kan., 433, 19 Pac. 787; *Stone-
man v. Atlantic & Pacific R. R. Co.,* 58 Mo., 503.

The brakeman who released the hand-brakes, whereby
the cars between which plaintiff was coupling the hose
were set in motion, was a fellow servant, and as the count
under consideration is based on common law liability, the
defendant is not liable for his negligence, if it appears
from the facts averred that it was the dominating cause
of plaintiff's injury.  "Proximate cause" has been vari-
ously defined.  Perhaps no definition could be given which
would serve as a test in all cases, as from the several
definitions, they appear to have been framed as ap-
plicable to the facts or peculiar circumstances of the case
under consideration.  Proximate cause does not neces-
sarily mean closeness in the way of time in which certain
things occur, but, rather, that which is most proximate
in the order of responsible causation, or that which stands
next in causation to the effect, not necessarily in time or
place, but in causal relation.—Bouvier: *Travelers Ins.
Co. v. Murray,* 16 Colo., 296.

It is quite clear that but for the negligence of the
brakeman, plaintiff's foot would not have caught in the
unblocked frog; but it is also clear from the averments
of the complaint that had it not been for the unblocked
frog, injury would not have resulted to the plaintiff from
the negligent act of the brakeman.

It is true, as contended by counsel for defendant,
that when plaintiff went betwen the cars to couple the
hose, they were at rest.  The unblocked frog was seventy-
five feet distant, and had that situation remained un-

changed, plaintiff would not have been injured. The situation was changed by the act of the brakeman in releasing the brakes, but the failure of the defendant to comply with the statute requiring frogs to be blocked, was negligence, as a matter of law. The statute so declares, and it is so held by the cases on the subject construing statutes of similar import to ours. The act of the brakeman was negligence, but antecedent to this was the alleged negligence of the defendant. When there are several agencies or causes of an injury, the question is, which was the efficient, dominating cause. In determining this question, as applied to the facts under consideration, the rule is, that where an injury is the result of the combined negligence of the defendant and the negligent act of a third person for whose act neither plaintiff nor defendant is responsible, the defendant is liable when the injury would not have occurred except for his negligence.—*Colo. Mortgage & I. Co. v. Rees,* 21 Colo., 435, 42 Pac. 42.

In Sherman & Redfield on Negligence, '10, it is said: "Negligence may, however, be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the near-cause in the order of time."

According to the averments of the first count, plaintiff would not have been injured if the frog had been blocked; so that, notwithstanding the fact that the brakeman was negligent in releasing the brakes, the dominant cause of plaintiff's injury was the antecedent negligence of the defendant in not complying with the statute. In other words, when the injury of an employe by a co-em-

ploye would not have happened except for the negligence of the common employer, the latter is responsible for the injury.—*Tanner v. Harper*, 32 Colo., 156, 75 Pac. 404.

Counsel for defendant urge that the defendant could not reasonably have anticipated that its failure to comply with the statute would result in injury to plaintiff, in the circumstances narrated in the first count; and hence, that it should not be held responsible for failure to block the frog. The object of the act requiring frogs to be blocked was to protect employes from injury when making up trains, which often occurred in being caught by the foot in an unblocked frog. Blocking frogs would prevent this. It is only when an employe is in imminent peril from an approaching car that serious injury would likely occur from stepping into an unblocked frog. The purpose of the act was to afford protection in such circumstances. It there was reason for having the frog blocked while an employe was walking about, able to control his movements, there was an additional reason when he was so unfortunate as to be caught between moving cars and involuntarily dragged in the direction of an unblocked frog. Danger, in the latter instance, from this source was as great, if not greater, than in the first. It was to guard against such perils that the act in question was passed. It was designed for the protection of employes who stepped into an unblocked frog, and also for those dragged into one when caught between moving cars. A railroad company is, therefore, bound to anticipate results from its negligence which the act was intended to prevent. *Cooper v. B. & O. R. Co.*, 159 Fed. 82, 86 C. C. A. 272, 16 L. R. A. (N. S.) 715, 14 Ann. Cas. 693.

Counsel for defendant, however, contend that even though it appears that the unblocked frog was the proximate cause of plaintiff's injury, the count is insufficient, because the risk on this account was assumed by the plaintiff. It may be that the assumption of risk, like contrib-

utory negligence, is a matter of defence, but it is not necessary to decide that question. Plaintiff alleged affirmatively that prior to his injury he did not know, or have any notice whatever, that the frog in which his foot was caught was unblocked. This is an allegation of an ultimate fact, and it was not necessary for plaintiff to plead the evidence upon which it is based, or from which he expected to establish such fact.

The second count presents the single question of notice; that is, is it necessary, in order to maintain an action, under the Employers' Liability Act of 1901, for a plaintiff to allege in his complaint, that written notice of the time, place, and cause of injury for which recovery is sought, was given? That act is as follows:

"Section 1. That every corporation, company or individual who may employ agents, servants or employes, such agents, servants or employes being in the exercise of due care, shall be liable to respond in damages for injuries or death sustained by any such agent, employe or servant resulting from the carelessness, omission of duty, or negligence of such employer, or which may have resulted from the carelessness, omission of duty or negligence of any other agent, servant or employe of the said employer, in the same manner and to the same extent as if the carelessness, omission of duty or negligence causing the injury or death was that of the employer."

"Section 2. All acts and parts of acts in conflict herewith are hereby repealed, Provided, however, That this act shall not be construed to repeal or change the existing laws relating to the right of the person injured, or in case of death, the right of the husband or wife or other relative of a deceased person, to maintain an action against the employer."

At the time this act was passed, there was in existence the act of 1893—Session Laws 1893, p. 129—, and the act of 1877—Sections 2056-2058 inclusive, R. S. 1908.

Section 2 of the act of 1901 recites that all acts and parts of acts in conflict with that act are repealed, with the saving provise that the act shall not be construed to repeal or change existing laws, giving a right of action against an employer to the person injured, or in case of his death, to the husband or wife, or other relatives of the deceased person.   Section 2 of the act of 1893 provided:

"No action for the recovery of compensation for injury or death, under this act, shall be maintained unless written notice of the time, place and cause of the injury is given to the employer within sixty days * * *. from the occurrence of the accident causing the injury or death."

This section, it is contended by counsel for defendant, applies to the act of 1901, for the reason that the provise in section 2 of that act leaves intact the acts of 1877 and 1893, and that, therefore, all three acts constitute one harmonious body of law on the subject to which they relate, and must be construed together.   Conceding, but not deciding, that the acts of 1877 and 1893 are not repealed or affected by the act of 1901, we do not regard the contention of counsel as tenable.   There is nothing in the act of 1901 to indicate that it is an amendment to, or that it is to be considered a part of the act of 1893.   Neither does it require that a notice of the time, place and cause of injury must be given the employer as a condition precedent to the right to maintain an action based upon its provisions.   It is complete within itself.   Its prime purpose was to do away with the defense of negligence by a fellow servant in all actions for personal injuries or death.   In this respect it differs radically from the act of 1893.   Subdivision 3 of section 1 of the latter act, gave a right of action against the employer for the negligence of a limited class of employes, for whose negligence he was not liable at common law, while clauses

1 and 2, of that section, gave a right of action for negligence of the employer in failing to exercise reasonable care in providing and maintaining reasonably safe and proper machinery for use in his business, and declared in effect that agents to whom he delegated this duty were not fellow servants and that he was liable for the negligence of his employe, whose sole or principal duty was that of superintendence. Clauses 1 and 2 were, therefore, but a legislative recognition of the liability of the employer at common law in cases falling within their provisions, as laid down in previous decisions of this court, so that the act of 1893 only provided, in a limited way, for the liability of an employer for injury to an employe by a co-employe. *Colorado Milling & El. Co. v. Mitchell*, 26 Colo., 284, 58 Pac. 28. The act of 1901, in unmistakable terms, changes this, by declaring, in effect, that the employer shall not only be liable for his negligence, but for the negligence of his employe in the same manner and to the same extent as if such negligence had been his own, so that the most that can be claimed for the provise in section 2 of the act of 1901 is, that so far as notice is involved, that requirement only applies to actions covered by the act of 1893. To hold otherwise would be to say that, notwithstanding the act of 1901 is a complete act, and that its primary object was to abrogate the common law defense of the negligence of a fellow-servant, yet, nevertheless, the rights conferred are limited and controlled by other acts which it does not purport to amend, and of which it is not made a part.

We have carefully considered the case of *Lange v. U. P. R. Co.*, 126 Fed., 198, 62 C. C. A. 48, where a conclusion contrary to ours was reached, but, with due deference to the eminent tribunal which rendered the decision and the distinguished jurist who wrote the opinion, and the acknowledged ability of his learned associates, concurring with him, we must decline to follow that case.

It proceeds upon the theory that the act of 1893, and the act of 1901, jointly constitute the body of legislation upon the subject to which they relate, and hence, that the provisions of the prior act are unimpaired, and that its requirements for notice applies to the latter act. This, we submit, is contrary to the scope and purpose of the act of 1901, and injects a condition precedent to the right to maintain an action under it, which neither its plain reading nor the proviso justifies, for the reason that the most that can be claimed for the proviso is, that it leaves unimpaired the act of 1893, the provisions of which are limited to the class of cases which it embraces. The case made by the second count does not come within the class mentioned in the act of 1893, and therefore, the notice prescribed by it is not necessary.

It is contended by counsel for the defendant that the construction we have given the act of 1901 renders it unconstitutional because a classification for the purpose of damages for personal injury is made, which is inhibited by our constitution. It will be borne in mind that we have not held that the act of 1893 is in full force and effect; but that, conceding that it is, its requirements of notice do not apply to the act of 1901. Whether or not such a construction will render the act of 1901 unconstitutional, as claimed by counsel for defendant, is a question which can only be determined by the court *en banc,* and in department we must decline to consider that question.

The judgment of the district court is reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.

*Reversed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.