## DAVID JORDAN v. TIDEWATER POWER COMPANY.

(Filed 27 October, 1920.)

**Negligence—Instructions.**

APPEAL from *Guion, J.,* at April Term, 1920, of NEW HANOVER. The following issues were submitted:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: 'No.'

"2. What damages, if any, is the plaintiff entitled to recover?"

From judgment rendered plaintiff appealed.

*Wright & Stevens and W. P. Stacy for plaintiff.*
*Rountree & Davis for defendant.*

PER CURIAM. There are 41 assignments of error in the record. Five of them relate to the evidence. The remaining assignments are directed to the charge of the judge. It is impossible to consider all of the assignments in an opinion of reasonable length. We have carefully examined them, and can find no substantial error. The charge of the judge is full and clear, and based upon the principles of law as laid down in *Bagwell v. R. R.,* 167 N. C., 611, and *Crampton v. Ivie,* 126 N. C., 894.

No error.

---

CHARLIE MOORE, BY HIS NEXT FRIEND, SANDY MOORE, v. WALKER D. HINES, DIRECTOR GENERAL OF U. S. R. R. ADMINISTRATION, AND ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 27 October, 1920.)

**Evidence—Nonsuit.**

APPEAL from *Guion, J.,* at April Term, 1920, of NEW HANOVER. At the conclusion of the evidence the court sustained a judgment of nonsuit. Plaintiff appealed.

*McClammy & Burgwyn for plaintiff.*
*Rountree & Davis for defendant.*

PER CURIAM. Upon an examination of the evidence we are of opinion that the motion to nonsuit was properly granted.

Affirmed.