No. 10,120.

DAVIES *v.* EVERETT, ET AL.

Decided October 2, 1922.

Action for money had and received. Judgment for plaintiff.

*Affirmed.*

1.  CONTRACT—*Consideration.* Where a real estate broker agrees to pay a sub-agent for his services, one-half of the commission received for the sale of a property, and the agent makes the sale and receives the commission, the action is, in substance, for money had and received and the receipt of the money is a sufficient consideration for the contract to pay it.

2.  INSTRUCTIONS—*Contract—Consideration.* An instruction of the court, from which a consideration for a contract necessarily follows, if there is a verdict for the plaintiff, is sufficient.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Messrs. LINDSEY & LARWELL, Mr. ROSS BRAY, for plaintiff in error.

Mr. JOHN A. RUSH, Mr. FOSTER CLINE, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendants in error recovered a judgment against Davies for one-half of a commission upon a sale of land, alleging that they had employed him as a sub-agent to obtain a purchaser, with the agreement that if he succeeded he was to receive half the commission. He succeeded and received from the owner of the land a commission of $1500, but refused to share it with plaintiffs.

Two points are made:   (1) That there was no consideration for the contract, and (2) That the court refused an instruction stating that a consideration was necessary.

The plaintiff in error misconceives the action to be on a promise by him to pay plaintiffs one-half of a commission to be earned by him.   Not so; the plaintiffs allege a contract by them to pay defendant half of their commission if he as their agent makes a sale for them.   The evidence for plaintiffs, if believed by the jury, supports this allegation. He did make the sale and received the whole commission.

The defendant being the sub-agent of the plaintiffs the $1500 was the money of the plaintiffs, half of which was due defendant; the action, therefore, was in substance an action for money had and received.   In such case the receipt of the money is the consideration and it is elementary that none other is necessary.

As to the second point, the court instructed the jury as follows:

"Instruction No. 1

The defendant sold the Lemmon ranch and received a commission of $1,500.   The plaintiffs claim, and the defendant denies, that the plaintiffs are entitled to one-half of this commission.

The plaintiffs claim that it was agreed that if the defendant obtained or assisted in obtaining a purchaser for the Lemmon ranch the commission would be equally divided between the plaintiffs and the defendant; whereas the defendant claims that the agreement was that if he bought the Lemmon ranch or sold it to his son the defendant should have one-half of the commission.

If you find from a preponderance of the evidence that the agreement was as claimed by the plaintiffs, you should find a verdict for the plaintiffs, and assess their damages at $750, plus $60 interest, in all $810.   On the other hand, if you do not find from a preponderance of the evidence that the agreement was as claimed by the plaintiffs, your verdict should be for the defendant."

Under this instruction a consideration necessarily fol-

lows from the verdict, because, if the contract was as plaintiff claimed, the defendant was a sub-agent and had received money to plaintiffs' use; so there could be no possible question about consideration. It would have been bad practice though perhaps not reversible error to have put before the jury the question of consideration, when, if they found for the plaintiffs on the question before them, a consideration was necessarily predicated by their verdict, (compare Colorado Springs Company v. Cohun, 66 Colo. 149, 152, 180 Pac. 307), and the judge of the court below, with his usual clearness of thought and statement, saw the situation and put to the jury the one vital question in the case.

Apart from the above considerations, there was undisputed consideration for a promise by defendant to pay one-half of a commission to be earned by him, if there was such a promise, but it is not necessary to discuss that matter.

Judgment affirmed.

MR. JUSTICE ALLEN not participating.