No. 11,803.

SMALL v. CLARK.

Decided January 9, 1928.    Rehearing denied February 6, 1928.

Action for damages growing out of an automobile collision. Judgment for defendant.

*Affirmed.*

1.  APPEAL AND ERROR—*Sufficiency of Evidence.* In an action for damages growing out of an automobile collision, verdict for defendant held supported by the evidence.

2.  INSTRUCTIONS—*Negligence.* In an action for damages growing out of an automobile collision, an instruction on negligence held erroneous in that it omitted the word "sole" from the phrase "sole proximate cause of the accident."

3.  DAMAGES—*Negligence—Issue.* In an action for damages growing out of an automobile collision, the issue is, was defendant's negligence the proximate cause of the accident or not.

4.  AUTOMOBILES—*Collision—Negligence.* In an action by a wife for damages growing out of an automobile collision while she was riding with her husband, and occurring while defendant was attempting to pass another car going in the same direction, it is held that the jury could arrive at one of three conclusions under the evidence: That the husband's negligence was the sole proximate cause, necessitating a verdict for defendant; that defendant's negligence was the sole proximate cause, which would compel a verdict for plaintiff; that defendant and the husband were both negligent, in which event a verdict for plaintiff would be justified.

5. APPEAL AND ERROR—*Instructions.* A judgment will not be reversed for a faulty instruction where the defect was not called to the attention of the trial court.

6. INSTRUCTIONS—*Undisputed Matters.* Instructions which leave to the jury for determination matters which are undisputed, are objectionable, but such instructions do not necessitate a reversal where the complaining party was not prejudiced thereby, and the defect was not called to the attention of the trial court.

7. PLEADING—*Negligence.* In an action for damages growing out of the alleged negligence of defendant in an automobile collision, only such acts of negligence as are pleaded may be considered.

8. EVIDENCE—*Maps and Mechanical Toys.* In the trial of an action growing out of an automobile collision, there was no error in the admission in evidence of a map drawn to scale by one of defendant's attorneys, and toy automobiles built on the same scale, which were used for the purpose of illustration in connection with the testimony.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Messrs. MOSES & ELLITHORP, for plaintiff in error.

Mr. JAMES P. VEERKAMP, Mr. GEORGE M. CORLETT, Mr. D. E. NEWCOMB, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

CLARK, defendant below, had a verdict in an action by Mrs. Small against him for negligently causing an automobile collision whereby she was hurt. She brings error.

Upon the same facts, Small, husband of the present plaintiff, had a judgment against Clark for injuries to his car and for exemplary damages. *Clark v. Small,* 80 Colo. 227, 250 Pac. 385.

The essential facts are that Clark was driving his car westward behind a Ford driven by a stranger; he tried

to pass the Ford and in the attempt collided with a machine driven by Small, carrying the latter's wife and several children. The negligence charged is that defendant attempted to pass without signal, and when the left side of the road was not clear and unobstructed for 100 yards.

The statute, C. L. § 1270, quoted in *Clark v. Small, supra,* requires a signal on so passing, forbids passing under such circumstances, and gives the approaching (Small's) car the right of way.

The answer denied the omission of signal and that the road was not clear for 100 yards. It also alleged that, when defendant tried to pass the Ford, Small's car was 750 feet ahead, and that the collision "was caused solely and only by the" negligence of Small.

It is claimed that the verdict is not supported by the evidence. We think it is, notwithstanding that the evidence for plaintiff is of great strength and that we might not have reached the same conclusion. There is evidence that defendant signalled the Ford and no evidence that any failure to signal caused or could have caused the disaster. There could, then, be no verdict for plaintiff for want of a signal. There is evidence that when defendant began his attempt to pass the Ford he had a clear road for 750 feet ahead. If that was true it was not necessarily negligent to make the attempt. No other negligence of defendant was alleged or proved. We cannot reverse this judgment for lack of evidence.

The difficulty arises upon the instructions. In instruction No. 7, after stating that if the jury found defendant guilty of negligence in his attempt to pass the Ford and found that such negligence was the proximate cause of the collision, they should find for plaintiff; the court added "on the other hand, if you find that the negligence of the husband of the plaintiff was the proximate cause of the accident, you will find for the defendant." This was error.

The instruction down to the addition was presented by the plaintiff. The plaintiff objected as follows: The plaintiff respectfully objects to the action of the court in refusing to give instruction No. 7 as tendered in her behalf and in adding to said instruction the words "on the other hand, if you find that the negligence of the husband of the plaintiff was the proximate cause of the accident, you will find for the defendant," and excepts to the action of the court in declining to give said instruction as requested and in adding thereto the language above quoted."

The instruction was wrong because it should have said "*sole* proximate cause" instead of "proximate cause." There were three conclusions as to negligence possible for the jury under the evidence: (1) They might find that Small was negligent and that that was the sole proximate cause. This would have compelled a verdict for defendant, and an instruction to that effect would not have been wrong.* (2) They might find that defendant was negligent and that that was the sole proximate cause, which would have compelled a verdict for plaintiff. (3) They might find that Small and defendant were both negligent and that the collision was the proximate result of their combined negligence, and would not have occurred without the negligence of both, in which case either would have been liable to plaintiff, and so a verdict for plaintiff would be justified. *Colorado Mtg. & Inv. Co. v. Rees,* 21 Colo. 435, 42 Pac. 42; *Colorado Mtg. & Inv. Co. v. Giacomini,* 55 Colo. 540, 136 Pac. 1039, L. R. A. 1915B, 364; *Carlock v. D. & R. G. Co.,* 55 Colo. 146, 133 Pac. 1103; *Tanner v. Harper,* 32 Colo. 156, 75 Pac. 404; *D. & R. G. Co. v. Sipes,* 26 Colo. 17, 55 Pac. 1093; *Crampton v. Ivie,* 126 N. C. 894, 36 S. E. 351.

---

* It would, however, have been confusing and superfluous, because the real reason why the verdict must be for defendant in such case is not that Small's negligence was the proximate cause, but that defendant's was not. *Crampton v. Ivie Bros.,* 126 N. C. 894. The issue is: Was defendant's (not Small's) negligence the proximate cause or not; if this is kept in mind some confusion of thought may be avoided.

It thus appeared that in the addition made by the court to the instruction the word "sole" should have been inserted before "proximate," but the objection did not call the attention of the court to that error; upon a mere suggestion of the point the court would doubtless have corrected the matter. We cannot reverse the case on that ground. Rule 7. The same is true where this error is repeated in instructions Nos. 11 and 12.

Instruction No. 7 is objectionable also because it leaves undisputed matters to the jury as questions for them to determine, e. g., whether plaintiff was riding in an automobile driven by her husband, whether she was about to pass another car, and whether defendant had overtaken that car and other matters not questioned (*Colo. Springs Co. v. Cohun,* 66 Colo. 149, 152, 180 Pac. 307; *Big Hatchet Con. M. Co. v. Colvin,* 19 Colo. App. 405, 410, 411, 75 Pac. 605; *Martin v. Carruthers,* 69 Colo. 464, 468, 195 Pac. 105; *Davies v. Everett,* 72 Colo. 104, 106, 209 Pac. 799; *Rude v. MacCormac,* 72 Colo. 221, 223, 210 Pac. 844; *McLagan v. Granato,* 80 Colo. 412, 416, 252 Pac. 348; *Gaw v. Bingham* [Tex.], 107 S. W. 931), but we cannot see that plaintiff was prejudiced thereby, and the fault was not pointed out to the court.

Plaintiff's counsel, if we understand them correctly, claim that defendant might be found negligent even though he had a clear road for 100 yards when he tried to pass. We think they are probably right on this point, but it is immaterial here because no such negligence is charged. The negligence charged is that defendant tried to pass when he had not such a road.

Error is assigned as to evidence. The court admitted a map, drawn by one of defendant's attorneys, of the road at the scene of the accident in question, drawn to a scale, and three toy automobiles built to the same scale. We can see no error in this. The toys were, of course, for illustration in connection with testimony, and plaintiff could have had an instruction to that effect if she had asked.

Judgment affirmed.