## No. 11,768.

### LEWIS v. LA NIER, ET AL.

Decided May 14, 1928. Opinion adhered to October 1, 1928.

Mr. SAMUEL H. KINSLEY, Mr. LEON H. SNYDER, for plaintiff in error.

Messrs. STRACHAN & HORN, Mr. L. LESLIE MILES, for defendants in error.

*Department Two.*

Mr. JUSTICE BUTLER delivered the opinion of the court.

IDA W. Lewis sued Orlay La Nier, Edward Selander and Glenn S. White for damages for the death of her

husband, John Lewis, alleged to have been caused by the negligence of the defendants.

The defendants were constructing, under contract with the state, a three-mile strip of a public highway extending northerly from Breed, in El Paso county. On February 15, 1925, as part of their work, they were engaged in constructing a bridge over Kettle creek. It was necessary to close that portion of the highway to traffic, and to divert traffic coming from the north to an intersecting highway running east and west.

The complaint alleges that on the night of the accident the defendants "carelessly and negligently failed * * * to provide, erect and maintain a necessary barricade with suitable and sufficient red lights or other lights, danger signals or signs, or any red or other light, danger signal or visible sign, and a sufficient number of watchmen or any watchmen and to take all or any necessary precautions for the protection of the public using said highway; that although there was a barricade at that portion of said highway so closed to traffic, it was not an effective barricade, but on the contrary was of frail and flimsy construction, invisible at night, except as hereinbefore alleged, and the defendants carelessly and negligently failed to illuminate it that night with a light or lights kept burning from sunset to sunrise or at all."

At 2 o'clock on the morning of February 15, 1925, John Lewis, the plaintiff's husband, was riding as a guest from Denver to Colorado Springs in an automobile driven by Ralph Covington. He occupied a seat back of the driver, a seat referred to by witnesses as the "jump seat." The complaint alleges that "because of the careless and negligent failures and omissions hereinbefore described or some one or more of them, of the defendants, the driver of said automobile was unable to see or discover the said barricade across the roadway until he was almost upon it, and then being confronted with the emergent alternative of crashing through said barricade into unknown danger or turning to the west

into said intersecting highway, he, in the exercise of due care and caution, turned the automobile to the west, whereupon because of the careless and negligent failures and omissions of the defendants hereinbefore described, the suddenness with which he was obliged to divert his course, * * * the said automobile was overturned and the said Lewis was thrown violently out of said automobile and upon the ground; that as a result thereof" he sustained injuries of which he died.

Covington testified that he was about 20 feet from the barrier before he saw it; that he was then driving at about 32 miles an hour; that he "cut the wheels to the right" to get on the detour; that the sand caught the hind wheels and the car turned over; that the car weighed about 4,300 pounds. There is evidence tending to show that the automobile was driven at a somewhat greater speed. He said that his occupation is driving sight-seeing automobiles, and that for about 2 years he has been known by the nickname "Cyclone," which latter fact may have had a psychological effect upon the jury, in view of certain instructions to which we later will direct attention. At the place in question, the defendants maintained a sign 6 feet high, extending nearly across the highway. An arrow pointing to the west, and the words "To Colorado Springs," were painted in large black letters on a white background. Red flags were placed at intervals along the road for a distance of 1,000 feet to the north. As to whether there was a light there at the time of the accident, the evidence is in conflict. On behalf of the defendants, there is evidence that there was a red lantern kept burning on the sign all night; on behalf of the plaintiff, there is evidence to the contrary.

In their brief, counsel for the defendants rely upon the contention that the accident was not proximately caused by any negligence on the part of the defendants. They say that there is no claim that Lewis, by reason of any relationship with the driver, was negligent; that

that is not an issue in the case; that the status of Lewis in the car is not material to the case; and that the question of the negligence of Lewis was not submitted to the jury.

1. Among the instructions given to the jury are the following:

"No. 3. You are instructed that it was the duty of the defendants at all times during the construction of the highway referred to in the pleadings and testimony, when any part thereof was closed to the public for travel, to take all reasonably necessary precautions for the protection and safety of those traveling along said highway, by erecting and maintaining such signs, signals or other devices *as would warn a person, approaching with due care and caution,* that the highway was closed to travel."

"No. 5. You are instructed that the law does not require any particular form of warning signal or sign, and it is not material whether lights, signs, flags or other devices are used, if the signal, sign or signals employed are *sufficient to warn a careful driver* of the dangerous condition."

"No. 6. You are instructed that if you find and believe from evidence, from a preponderance thereof, that a barricade and signboard were placed in a conspicuous place at the point where the main road was closed, and were of such construction as would give warning that said road was closed to a traveler approaching in the night time in an automobile *with proper headlights and exercising ordinary and reasonable care,* and further that said barricade and signboard were so maintained at the time of the accident, the defendants were not guilty of negligence, and your verdict should be for the defendants."

The plaintiff duly objected to those parts that are italicised. The objections are well taken. The instructions are erroneous. They unduly limit the duty of the defendants. They commingle in a confusing manner two distinct ideas that should be kept separate and apart,

(1) the duty of the defendants, and (2) the duty of those approaching in an automobile. Otherwise expressed, they commingle in a confusing manner the question of negligence of the defendants with the question of negligence of those approaching in an automobile. And, which also is confusing, they do not point out the difference between the effect, on the plaintiff's right to recover, of negligence on the part of the driver of the automobile, and negligence on the part of the guest.

It was the duty of the defendants to exercise due care —that is to say, such care as persons of ordinary care and prudence would have exercised—to warn the traveling public that the highway at that place was closed. If they did that, they were not negligent; if they did not do that, they were negligent. So far as the question whether the defendants were or were not negligent is concerned, the manner in which the automobile was driven is wholly immaterial. If the defendants failed in the performance of their duty, the next question would be whether or not such failure, i. e., such negligence, proximately caused the accident. If it did, a further question ordinarily would arise, namely, whether the injured person was guilty of contributory negligence. That question is eliminated from the case by the defendants' statement that they make no such claim.

By these instructions, the court, in effect, told the jury that if the automobile was not approaching with due care and caution, or if it was approaching without proper headlights, or even if the driver is not a ''careful driver,'' the plaintiff, whose husband was merely a guest, cannot recover, even if the defendants had taken no precautions whatever, because in such case no duty to take any precautions rested upon the defendants. Particularly vicious is the instruction that, in effect, exonerated the defendants from liability, even if they neglected all precautions, provided the driver is not a ''careful driver.'' Assuming that the driver, Covington, is not a careful driver; assuming also that on the occasion in question

he was negligent in driving the car; this would not relieve the defendants from liability, if they also were negligent, unless the driver's negligence was the *sole* proximate cause of the accident. If the negligence of the driver and the negligence of the defendants concurred in proximately causing the accident, the defendants would be liable. *Small v. Clark,* 83 Colo. 211, 263 Pac. 933; *Colorado Mtg. & Inv. Co. v. Giacomini,* 55 Colo. 540, 136 Pac. 1039, L. R. A. 1915 B, 364; *Carlock v. Denver & R. G. R. Co.,* 55 Colo. 146, 133 Pac. 1103; *Tanner v. Harper,* 32 Colo. 156, 75 Pac. 404; *Denver & R. G. R. Co. v. Sipes,* 26 Colo. 17, 55 Pac. 1093; *Colo. Mtg. & Inv. Co. v. Rees,* 21 Colo. 435, 42 Pac. 42; *Crampton v. Ivie Bros.,* 126 N. C. 894, 36 S. E. 351.

2. The plaintiff offered in evidence, and the court, on objection, refused to receive, the following provisions of the contract between the state and the defendants: "Contractor shall provide, erect and maintain all necessary barricades, suitable and sufficient red lights, danger signals and signs, provide a sufficient number of watchmen and take all necessary precautions for the protection of the work and safety of the public. Highways closed to traffic shall be protected by effective barricades on which shall be placed acceptable warning signs and detour signs at all closures, intersections and along the detour routes, directing the traffic around the closed portions of the highways, so that the temporary detour route or routes shall be indicated clearly throughout its or their entire length. All barricades and obstructions shall be illuminated at night and all lights shall be kept burning from sunset until sunrise."

If the purpose was to show that the plaintiff may sue the defendants for negligently causing the death of her husband, the rejection of the exhibit was harmless, because the defendants concede, and the case was tried on the theory, that she has the right to sue. Independently of the contract, she has that right. C. L. §§ 6303, 6304.

If the contention is that the defendants are liable in this action for a failure to do the things specified in the contract between the state and the defendants, regardless of whether or not such failure constituted negligence, the contention cannot be sustained. This is an action based on negligence; it is pleaded as such; it was tried and submitted to the jury as such. The measure of the defendants' duty in this case is to be determined by the law governing negligence cases, not by the provisions of the contract. As this is not an action for breach of contract, it is not necessary to discuss the question whether or not an action on the contract could be maintained by the plaintiff. The plaintiff's right to sue is conferred by C. L. §§ 6303, 6304, giving to a widow a right of action for the death of her husband caused by the wrongful act, neglect or default of another.

Because of error in the instructions given, the judgment is reversed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.

*On Rehearing.*

MR. JUSTICE BUTLER.

Defendants in error suggest that the plaintiff in error did not make sufficiently specific objections to those parts of instructions numbered 3, 5 and 6 that we have held to be erroneous. The plaintiff tendered to the trial court a request for an instruction (Request No. 1). The court modified that request. As modified, it was given by the court as instruction No. 3, to which we called attention in our former opinion. The modification consisted in some change in phraseology, and particularly in the addition of the qualifying words, "as would warn a person approaching with due care and caution," which words made the instruction erroneous. The plaintiff

objected to the modification of her requested instruction. This sufficiently directed the court's attention to the objectionable words, without repeating them, because those words constituted the only substantial modification of the plaintiff's requested instruction. The erroneous principle announced in instruction numbered 3 was repeated in instructions 5 and 6, though expressed in somewhat different form. Although the objections made to instructions numbered 5 and 6 were not so specific as otherwise might be required, as the plaintiff already had raised the legal question by objecting to the modification of her request No. 1, we hold that in the circumstances the point was saved for consideration upon writ of error.

Even if the plaintiff had failed to save that point, the case would have to be reversed for another reason. The plaintiff requested the court to instruct the jury that the negligence, if any, of the driver cannot be imputed to Lewis. The request stated the law applicable to the facts disclosed by the evidence. In view of the erroneous instructions practically requiring a verdict for the defendants if the jury should find that the driver was not "approaching with due care and caution," or was not "a careful driver," or was not "exercising ordinary and reasonable care," or if the jury should find that the automobile did not have "proper headlights"; and in view of the further fact that the defendants did not claim that Lewis personally was negligent, practically conceding that he was not, the court's refusal to give the requested instruction was error and was seriously prejudicial to the plaintiff. We adhere to the conclusion, stated in our former opinion, that the judgment should be reversed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.