No. 12,875.

CONSOLIDATED TRUCK COMPANY ET AL. *v.* JONES.
(25 P. [2d] 721)

Decided September 25, 1933.

Mr. ROY O. SAMSON, Messrs. LEE, SHAW & McCREERY, for plaintiffs in error.

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, Mr. O. A. JOHNSON, for defendant in error.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

The judgment before us for review was for damages awarded to the defendant in error, Miss Jones, by a jury on account of injuries suffered in an automobile collision. The defendant company and its codefendant Van Osdoll, plaintiffs in error, ask for a reversal.

The accident occurred at night a few miles out of Denver on the paved highway running northerly from that city to Ft. Collins. According to the evidence introduced on behalf of the plaintiff, the motor truck and trailer of the defendant company, having left Denver a short time before with the defendant Van Osdoll as driver, was standing—or moving slowly northward—on the highway without a visible tail light and extending partly over on the left side of the center line of the road as marked upon the pavement. There were many cars traveling toward Denver, their headlights frequently dazzling the drivers of cars going in the opposite direction; one Bermont was with due care driving his automobile northward, with lights in good condition and windshield clear, when suddenly he saw before him, ten or fifteen feet ahead, the defendant company's trailer, utterly dark and devoid of signals, too late to avoid a rear-end collision which bounced his car backward so that it was again struck, this time by an automobile which had been following his own at a distance of fifty feet or less. Miss Jones, the plaintiff, was a passenger in the Bermont car, and the accident gave her injuries which formed the basis of the action.

A number of alleged errors are assigned, but the arguments as presented by the plaintiffs in error in their briefs reduce the contentions to two, namely, the alleged erroneous refusal of three requested instructions and the alleged insufficiency of the evidence.

1. The defendants complain that the trial

judge refused their tendered instructions Nos. 10, 11, and 13. We shall take them up in their order.

"No. 10. It is negligence as a matter of law to drive an automobile at night at such speed that it cannot be stopped within the distance that objects can be seen ahead of it; and if a driver's vision is obscured by the lights of an approaching car it is his duty to slacken speed and have his car under such control that he can stop immediately, if necessary. Therefore, if you believe from a preponderance of the evidence that plaintiff's host, George E. Bermont, while blinded by the lights of an oncoming car, continued to drive his car at such speed that he could not stop when it became necessary, and that such driving on his part was the proximate cause of the accident complained of, and if you further believe that at the same time and place the defendant's driver was not negligent in operating defendants' truck, your verdict should be for the defendants." This proposed instruction was properly refused. Since near its close it embodied as an integral part of its hypothesis the defendants' freedom from negligence, it is to that extent cumulative and superfluous; while, in so far as it relates to the possible negligence of the driver whose guest Miss Jones was, it is wholly irrelevant and immaterial. If the defendant was not negligent, it matters not who may have been, so long as it was not the plaintiff. "No. 11. The Court instructs the jury that an automobile owner is not required at his peril to know the exact moment when the tail light may go out or become obscured, and that where ordinary care has been exercised to keep the tail light burning and unobscured, ignorance of the fact that it has burned out or become obscured is not negligence, unless the defendant's driver knew, or by the exercise of ordinary care, ought to have known, that the tail light had become obscured." This instruction, so tendered, was also properly refused. Counsel for Miss Jones argue that a failure to comply with the statutory requirement of keeping a tail light burning is negligence per se, but

it is unnecessary to decide this question. Under the evidence herein, the instruction is not applicable to the case. "No. 13. The Court instructs the jury: The law is that a driver, whose vision is so obstructed or obscured by the bright lights of an oncoming car that he cannot see objects on the road ahead of him, must exercise all ordinary and reasonable care and diligence to avoid injury or damage to such objects, even to the extent—if need be —of stopping his car. If you believe from the evidence, therefore, that plaintiff's host's driver, George E. Bermont, was so blinded by the lights of oncoming traffic, or by an oncoming car, that he could not see defendant's trailer on the road ahead of him, but did not decrease the speed of his car until too late to avoid a collision with the trailer, and that such conduct on his part was the proximate cause of plaintiff's injuries, then your verdict should be for the defendants." This is equally objectionable. Not only is it fragmentary and not only does it tend to confuse, but it is contrary to the beneficent Colorado rule which does not permit a guest's claim for damages to be defeated by negligence of a host driver unless that negligence is the sole proximate cause of the injury. *Small v. Clark*, 83 Colo. 211, 263 Pac. 933. Thus the three refusals complained of were correct. The instructions given the jury without objection from the defendants were fair and full, and sufficient to enable the jury to apply the law to the facts from the standpoint of the defendants, as well as from that of the plaintiff. We therefore need not consider the question whether or not the defendants acquiesced in the withdrawal of a certain proposed instruction which was prepared, but not given, by the court, or whether or not such acquiescence would have cured any error that might have been, but was not, committed.

2. As to the alleged insufficiency of the evidence. There was a marked conflict on the various issues of fact, except as to the seriousness of the plaintiff's injuries, concerning which there was no doubt or contradiction.

The jury gave credence to the evidence that favored the plaintiff, and disbelieved the evidence by which the defendants tried to break it down. The trial judge sustained the verdict. Our own examination of the evidence convinces us that the conflict was a substantial one. Under the well known rule applicable to such a situation, we are not at liberty to interfere.

Judgment affirmed.