[No. 2071, April 24, 1918.]
# BOARD OF EDUCATION OF CITY OF ROSWELL et al. v. SEAY et al.

### SYLLABUS BY THE COURT.

A taxpayer cannot, in the same complaint, set up a cause of action against the individual members of a school board for the recovery, on behalf of the school district, of money alleged to have been unlawfully paid out by such members, and in the same complaint join such parties in their official capacities as members of such board, and seek to enjoin them as such officials from making further unlawful payments of the school funds, as the two causes of action stated do not affect all the parties and do not charge them in the same character.

Appeal from District Court, Chaves County; Mc-Clure, Judge.

Suit by Ed. S. Seay and other against the Board of Education of the City of Roswell and others. Demurrer to complaint overruled, and judgment for plaintiffs, and defendants bring error. Reversed and remanded, with instructions to sustain the demurrer

R. D. BOWERS, of Roswell, and E. R. WRIGHT, of Santa Fe, for plaintiff in error.

As the several causes of action united in the complaint did not affect all the parties to the action, they were improperly united and the court should have sustained the demurrer.

Sec. 4105, Code 1915; Cook v. Smith, 25 S. E. 958; Pittsburg Hardware Co. v. Hardware Company, 47 S. E. 234; Tyler v. Stitt, 106 N. W. 114; People v. Ins. Soc., 109 N. Y. S. 465; White v. Electric Co., 58 S. E. 33; Bliss Code Pl. Sec. 123; Burke v. Trinity Church, 119 N. Y. S. 632; Clayton v. Henderson, 44 L. R. A. 474; Brown v. State, 90 Pac. 266; Niven v. People, 136 N. W. 73; Bennson v. Batty, 78 Pac. 844; Stewart v.

Gordon, 65 Tex. 344; Wells v. Jewett, 11 How. Pr. 242; Osborne v. Deboard, 41 S. E. 985; Hancock v. Johnson, 1 Metc. 242; Smith v. Gortner, 40 How. Pr. 185; Landaw v. Levy, 1 Abb. Pr. 376; Wiles v. Suydam, 64 N. Y. 173; Buell v. Dodge, 79 Cal. 208; Ansley v. Davis, 140 Ga. 615; Beattie Co. v. Gerrardi, 166 Mo. 142; Barry v. Wachosky, 57 Neb. 334; Wise v. Tube Co., 194 N. Y. 272; Cromartie v. Parker, 121 N. C. 198; Brown v. Williams, 24 Okla. 308; Davis v. Novotney, 15 S. D. 118; Richards v. Warnekros, 14 Ari. 488; Rizer v. Com., 48 Kan. 389; Jones v. Balsley, et al., 27 Okla. 220; Brooks v. Gal. Co., 74 S. W. 330 (Tex.); Price & Co. v. Chemical Co., 136 Ga. 175; Mitchell v. Mitchell, 96 Carolina 14; Lumpkin v. Blewitt, 111 S. W. 1072 (Tex.); Hawarden v. Coal Co., 87 N. W. 472, 55 L. R. A. 828; Crowley v. Hicks, 74 N. W. 348; Hoffman v. Wheelock, 22 N. W. 713; Mesmer v. Jenkins, 61 Cal. 152; Godbold v. Roberts, 20 Ala. 354; McDaniel v. Parks, 19 Ark. 671; Terhune v. Ex. Bray, 16 N. J. L. 53; Pugsley v. Aiken, 14 Barb. 114; Boyd v. Ass'n, 96 A. S. R. 960, Wis.; Perkins v. Slocum, 82 Hun. 366; Brandt v. Sideler, 31 N. Y. Supp. 112; Citizens Bank v. Frazee, 56 Pac. 506 (Kan.); Kent v. West, 53 N. Y. Supp. 244; Paulson v. Van Steenberg, 65 How. Pr. 342; Warth v. Radde, 28 How. Pr. 230.

O. O. ASKREN and TOMLINSON FORT, both of Roswell, for defendants in error.

The bill was not multifarious.

Johnson v. Black, 68 L. R. A. 264; Andrews v. Pratt, 44 Cal. 309; Mock v. Santa Rosa, 58 Pac. 826; Egaard v. School Dist. 85, N. W. 369; Bond v. McGuire, 68 N. Y. S. 484; Moss v. Cihen 158 N. Y. 240.

## OPINION OF THE COURT.

ROBERTS, J. Defendants in error filed in the district court of Chaves county a complaint against the board of education of the city of Roswell, J. W. Rhea,

Elza White, and Mrs. O. R. Haymaker. The three individuals were sued personally and also as members of the board of education, and as president, vice president, and clerk of said board. E. J. Minton, treasurer of the board, was joined as a defendant in his official capacity. The purpose of the action was three-fold: (1) Defendants in error sought to recover from the individuals sued, money which it was claimed had been unlawfully paid to Mrs. Haymaker as clerk of such board of education. This, of course, stated a cause of action against the parties named as individuals. (2) The complaint alleged that the three parties named as directors of the school board proposed to continue making such unlawful payments and drawing warrants therefor, and as officers of the board executing and delivering the same, and that Minton, as treasurer, proposed to pay such warrants when presented; and the relief sought against them officially was an injunction restraining them from drawing further warrants or making further payments to Mrs. Haymaker in excess of a stated amount. (3) It was alleged that the officers named would, unless restrained, pay the attorney's fee necessary to defend the suit filed out of the funds of the school district, and an injunction against so doing was sought. A demurrer was interposed to the complaint on the ground, among others, that several causes of action were improperly united; one being against Rhea, White, and Mrs. Haymaker individually, and another against them as officers and members of said board of education, and that said causes could not be joined under section 4105 of the Code, in that they did not affect all the parties to the action. Other grounds were stated in the demurrer which need not be considered. The demurrer was overruled and, plaintiffs in error refusing to plead further, judgment was entered as prayed for in the complaint. To review this judgment this appeal is prosecuted.

Section 4105, Code 1915, which provides the causes of action that may be joined in the same complaint, requires that the causes of action so united "must all be-

long to one of these classes and must affect all the parties to the action,'' etc. It will be observed that the individuals against whom a money judgment is sought for the benefit of the board of education have no interest in whether the injunction against further payments is granted or the injunction sought to prevent the payment by the officials of the attorney's fees, and likewise the parties in their official capacity have no interest in the question as to whether the individuals are personally liable, or the amount of the judgment that may be rendered against them individually.

"It is not permissible to join a cause of action against a person in an individual capacity with one against him in a fiduciary or representative capacity." 1 C. J. 1104.

In Bliss on Code Pleading (3d Ed.) § 123, the author says:

"The several defendants must be charged in the same character. Officers of municipal corporations cannot, in the same action, be charged officially and personally."

In Pomeroy's Code Remedies (4th Ed.) § 396, it is said:

"Another particular rule, which is but an application of the same doctrine, requires that the several causes of action against or for a given person should all affect him in the same capacity. In other words, a demand for or against a party in his personal character cannot be united with another demand for or against him in a representative character as trustee, executor, administrator, receiver, and the like."

The author, while stating the rule and the fact that it is universally followed by the courts, does not give it his approval. It is possible to conceive of a cause which might affect a person in both a personal and official capacity, but such a case is not presented by the pleadings here. The judgments sought in this case upon the several causes of action would have no relation one to the other.

The court permitted the plaintiffs below to amend

their complaint by striking out the word "personally" in alleging the liability of the individuals, but the striking out of this word does not affect the status of the pleadings, for clearly it stated a cause of action against the parties as individuals in seeking to recover judgment against them for the money alleged to have been unlawfully paid Mrs. Haymaker.

The court should have sustained the demurrer on this ground, and for this reason the cause must be reversed and remanded to the district court, with instructions to sustain the demurrer; and it is so ordered.

HANNA, C. J., and PARKER, J., concur.