No. 12,077.

Barlow *v.* North Sterling Irrigation District.

Decided April 22, 1929.

Messrs. Coen & Sauter, for plaintiff in error.

Messrs. Munson & Jones, for defendant in error.

*Department Two.*

Mr. Justice Butler delivered the opinion of the court.

George W. Barlow sued The North Sterling irrigation district for damages sustained by him by reason of the flooding of his land, caused, he alleges, by negligence on the part of the defendant. Judgment was for the defendant. The plaintiff seeks a reversal of the judgment.

During a violent rain storm the defendant's irrigation ditch broke, and the water therefrom flowed over the plaintiff's land, causing damage. The defendant claimed that the damage was caused solely by the act of God, whereas the plaintiff claimed that the defendant was negligent, and that its negligence, either alone or in co-operation with the act of God, caused the damage. There was evidence sufficient to support a verdict for either the plaintiff or the defendant; therefore, the verdict and judgment for the defendant must stand, provided there was no error in instructing the jury.

1. The parties do not differ as to the law applicable to the facts. They agree—and it is the law—that to constitute a defense, the act of God must be the sole cause of the damage, and that if negligence of the defendant "contributed to or co-operated with" the act of God in causing the damage, the defendant is liable. *Ryan Gulch Reservoir Co. v. Schwartz,* 83 Colo. 225, 263 Pac. 728; *The Majestic,* 166 U. S. 375, 17 Sup. Ct: 597; *Salton Sea Cases,* 172 Fed. 792, 97 C. C. A. 214. Was this legal principle called to the attention of the jury? Counsel for the plaintiff say it was not, and we agree with them.

The court's instruction dealing with the act of God as a defense is instruction No. 5. The plaintiff objected to paragraph 3 of that instruction. It reads as follows: "And in this connection, if you find that the storm which occurred on the 10th day of August, 1926, was of such severity that human agency could not foresee and would not expect, and that by reason of such unprecedented character of said storm the damage complained of occurred in this case, then and in that case the defendant is not responsible and not chargeable, and your verdict should be for the defendant."

The instruction does not correctly state the law. It should have been qualified by the insertion of the word "solely," or a word of similar import, between the words "that" and "by," so as to read, "that *solely* by reason of such unprecedented character of said storm the damage complained of occurred in this case"; or in some other manner the instruction should have made it plain that to relieve the defendant from liability, the act of God must have caused the damage without any contributing negligence on the part of the defendant. *Small v. Clark,* 83 Colo. 211, 263 Pac. 933; *Grand Valley Irrigation Co. v. Pitzer,* 14 Colo. App. 123, 59 Pac. 420.

2. Counsel for the plaintiff complain of the court's refusal to give the following requested instruction: "You are instructed that if you believe from the evidence that the break in the outlet ditch of the defendant irrigation company was caused by an unprecedented storm, but also believe that the defendant company at the time of the break in its said ditch was operating or maintaining said outlet ditch in a negligent manner, in that insufficient wasteways were provided for therein or that a wasteway, spillway or other structure should have been provided at the point of breakage, then in that event you are instructed that the defendant company is not excused from liability by reason of the fact that the break was caused by an unprecedented storm and that your verdict herein should be in favor of the plaintiffs."

The refusal to give the requested instruction was not error. The tendered instruction is an incorrect statement of the law. In effect, it permits the jury to find for the plaintiff if they find that the defendant was negligent, even if the defendant's negligence neither by itself proximately caused the damage, nor co-operated with the act of God in proximately causing it.

For the error of the court in giving instruction No. 5, the judgment is reversed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE MOORE and MR. JUSTICE BURKE concur.