No. 13,958.

HENRYLYN IRRIGATION DISTRICT *v.* O'DONNELL ET AL.
(... P. [2d] ...)

Decided June 1, 1936.

Mr. S. S. NAUGLE, for plaintiff in error.

Mr. ELMER P. COGBURN, for defendants in error.

*In Department.*

MR. JUSTICE BUTLER delivered the opinion of the court.

JOHN O'Donnell and James M. O'Donnell brought a joint action against the Henrylyn Irrigation District to recover damages to land and crops caused, it is alleged, by the defendant's negligence in the construction and maintenance of its ditch or canal.

The complaint alleges that plaintiff James O'Donnell is the owner of the land, irrigation pumps, wells, buildings and appurtenances, and that plaintiff John O'Donnell is the tenant of James O'Donnell and in possession of the property. The defendant demurred for misjoinder of parties plaintiff, the demurrer was overruled, and the defendant elected to stand upon its demurrer. The court took evidence on the question of damages, and found that John is tenant of James under an agreement whereby James has a one-fourth interest and John a three-fourths

interest in the crops, and that James has suffered damages in the sum of $3,057.25, and John in the sum of $951.75. Judgment was rendered in favor of the plaintiffs in the sum of $4,009.

■ The action is not a suit in equity with damages incidentally involved, but is an action at law for damages for a tort. The complaint states one cause of action in favor of James and a separate and distinct cause of action in favor of John. There is no allegation that James and John are jointly interested in the crops. If there were such an allegation, the defendant would have the right to take issue therewith. As the defendant stood upon its demurrer, the sole question for determination is whether the complaint states a joint cause of action, or a separate and distinct cause of action in favor of each plaintiff. That it states the latter is clear. Under the allegations of the complaint, James (the landlord) could recover for injury to the reversion only, and John (the tenant) for injury to the possession only. In *United Coal Co. v. Canon City Coal Co.*, 24 Colo. 116, 121, 48 Pac. 1045, we recognized this rule. However, as that was an equity case (injunction) and the accounting was merely incidental thereto, and, moreover, as the lessor was entitled to royalties upon the coal mined by the lessee, it was held proper for the lessor and the lessee to join in the suit.

In the circumstances, there was an improper joinder of parties plaintiff. 47 C. J., p. 54. There is nothing in *Barlow v. North Sterling Irrigation District*, 85 Colo. 488, 277 Pac. 469, or in *Maggard v. North Sterling Irrigation District*, 85 Colo. 491, 277 Pac. 470, inconsistent with this holding. In the former case, the owner brought an action for damages. In the latter case, the tenant brought a separate action for damages. The two actions were consolidated for trial, but the order consolidating them was made upon stipulation of the parties. See transcript, folio 113.

■ The finding of the trial court, upon evidence introduced at the hearing on the sole question of damages,

that the landlord and tenant are jointly interested in the crops did not have the effect of converting the complaint into the statement of a joint right of action, thereby making the complaint good as against the demurrer.

The judgment is reversed, and the cause is remanded with instructions to sustain defendant's demurrer, with leave to the plaintiffs to amend their complaint as they may be advised; further proceedings, if any, to be in harmony with the views herein expressed.

Mr. Justice Burke, sitting for Mr. Chief Justice Campbell, and Mr. Justice Hilliard concur.