No. 13,855.

Cole et al. *v.* Hess et al.

(63 P. [2d] 882)

Decided December 7, 1936.

Mr. Charles H. Woodard, Mr. John T. Adams, for plaintiffs in error.

Mr. George M. Corlett, Mr. Claude W. Corlett, Mr. Charles R. Corlett, for defendants in error.

*In Department.*

Mr. Justice Burke, sitting for Mr. Chief Justice Campbell, delivered the opinion of the court.

These parties appeared in reverse order in the trial court; they are hereinafter referred to as there, or by name.

This was a suit on a cognovit note. One Hancock, appearing for defendants, under authority granted in the note only, confessed judgment for $5,362.24 with interest, plus ten per cent attorney's fee and costs. Defendants thereafter appeared by one of their present counsel and moved to vacate, for leave to answer, and for change of venue. Change of venue was denied, otherwise the motion was granted and defendants filed an answer and cross complaint to which demurrers were sustained, with leave to amend. This was done and a reply filed. When the case came on for trial plaintiffs, contending that defendants now apparently relied upon both fraud and breach of contract, moved for a rule on them to elect. Under protest they stood on breach of contract. Plaintiffs then orally demurred for want of facts to support that defense. The demurrer was sustained, leave to further amend denied, and the former judgment reentered. The ten assignments present but three alleged errors requiring consideration: (1) Refusal to change the venue; (2) the rule to elect; (3) sustaining of demurrers after such election.

Plaintiffs contracted to sell defendants a motion picture theater, equipment and good will, put certain of the equipment in good condition, and assign lease and contracts. Defendants agreed to pay certain cash, discharge specified debts, assume contracts, and give their note for the balance when ascertained. The contract of sale was

dated November 29, 1930. Possession was transferred the next day and the note, above referred to and here in suit, the next. Defendants were to pay "balance of the purchase price of the talking equipment as per contract by Hess and Swartz with the Western Electric Company, and agrees to pay the balance of same to become due after December 1, 1930. All interest on all installments payments assumed by the party of the second part [Cole] shall be paid up to December 1, 1930, by the party of the first part [Hess and Swartz]." The theater was located in Alamosa, county seat of Alamosa county, and the note was payable there. From defendants' motion it appears they were, and are, residents of that county, and that plaintiffs were either residents of that county, or of Rio Grande county. Among the defenses is the alleged representation by plaintiffs that they "had expended the sum of $15,000 in repairs, alterations, fixtures and equipment," which representations "were false and fraudulent" because they had so expended but $8,000. Also that plaintiffs never owned the talking equipment, had no contract for it, and had paid nothing on it; that it was merely held under lease and the owner had repossessed it. For this, in their cross complaint, defendants claimed damage in the sum of $3,512. Defendants further allege that plaintiffs furnished them no bill of sale as per contract. Wherefore they have been damaged in the sum of $7,000. It is defendants' contention that they have been damaged by the false representations of plaintiffs and by their failure to comply with their contract; that the consideration, or a part of the consideration, for the note, has failed, and that there has been a breach of contract.

The abstract before us is far from satisfactory. One portion seems to indicate that upon consideration of defendants' motion the judgment was set aside; another that ruling was reserved until after the sustaining of the motion to elect and the demurrer following, and that the motion was then denied. The latter procedure, if followed, was of course improper and we must consider that

done which ought to have been done. The answer and cross complaint, demurrer, reply, motion to elect, and order sustaining them, were mere gestures in a case which had already proceeded to final judgment. We assume, therefore, that prior to these the judgment was in fact, as it should have been, vacated.

■ 1. We have held where a motion for a change of venue, which should have been granted, is overruled, the point is waived if the party proceeds without exception or further objection. *O'Rourke v. O'Rourke,* 58 Colo. 300, 144 Pac. 890. But no reference is therein made to section 422 of our Code of Civil Procedure, page 179 C. L. 1921, which provides that ''No exceptions need be taken to * * * orders * * * sustaining or overruling written motions * * * for change of place of trial,'' and it was apparently overlooked. Furthermore, our Rule 3 (Rules of the Supreme Court, 1929) provides: ''A party shall not be deemed to have waived his right to place of trial by appearance or plea if his objection thereto shall have been made in apt time, but the same may be reviewed on error as in other cases.'' It thus clearly appears that the proper place for the trial of this cause was Alamosa county and the change should have been granted.

■■ 2. It must be remembered that there was here no motion to separately state defenses, no motion to strike, and no motion for a more specific statement. It is alleged in the reply that the note in question settled all controversies arising out of the contract, hence was, in substance, a compromise, or an accord and satisfaction. But since new matter in the reply is taken as denied, this left that question one to be disposed of by evidence. Sec. 77, Civil Code, p. 116, C. L. 1921.

Whatever be the defenses here relied upon, they rest upon the same transaction and the same facts. One ''may set forth by answer as many defenses and counterclaims as he may have, whether the subject matter of such defenses be such as was heretofore denominated legal or equitable, or both.'' Civil Code, p. 114, C. L.

1921, §65. It has been held that "where the tort (trespass) is also a breach of contract it matters not what we call it; and the plaintiff [defendant] cannot be compelled to elect." Denison on Code Pleading in Colorado, p. 393, §489; *Gray v. Linton,* 38 Colo. 175, 178, 88 Pac. 749; *Rucker v. O. & G. S. & R. Co.,* 18 Colo. App. 487, 72 Pac. 682. Moreover, this motion to elect doubtless came too late. "A practice which would allow the raising of other objections to a pleading at the trial is not to be encouraged. * * * The Civil Code requires all mere technical, or formal objections to be raised by motion or demurrer before trial. If not so raised they are to be deemed as waived." *Orman v. Mannix,* 17 Colo. 564, 568, 30 Pac. 1037. The rule on defendants to elect was erroneous.

■■ 3. Even counsel for defendants inferentially admit defects in this answer. Certainly it is not ideal. But taken as a whole we doubt not that it states a defense. It is quite apparent, for instance, that this talking equipment was of very considerable value; that it purported to be sold by the contract there can be no doubt; that it was not sold because plaintiffs had no title to it is not disputed. The effect of that situation is for a jury, not for us. It is said to be a matter of common knowledge that, according to universal custom, such equipment is always leased, never sold. If so, why "balance of purchase price?" At least courts take no judicial notice of such custom. As to just how this note came to be given and what it actually represented the pleadings do not enlighten us. Whether it constituted an accord and satisfaction is also for the jury. Although not artistically presented we are convinced this answer pleads breach of contract and failure of consideration, and the cross complaint false representation. The demurrers should have been overruled. If there is anything to go to the jury when the evidence is in, these questions, we doubt not, can be properly controlled by the court by appropriate instructions.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony herewith.

Mr. Justice Young and Mr. Justice Holland concur.