No. 16,918.

COLORADO STATE BOARD OF EXAMINERS OF ARCHITECTS
· ET AL. *v.* DISTRICT COURT ET AL.

(249 P. [2d] 146)
Decided September 29, 1952.

Mr. DUKE W. DUNBAR, Attorney General, Mr. H. LAW-
RENCE HINKLEY, Deputy, Mr. FRANK A. WACHOB, for com-
plainants.

Messrs. SHUTERAN, ROBINSON & HARRINGTON, Mr. WM.
HEDGES ROBINSON, JR., for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

THIS is an original proceeding in the nature of certiorari.

The complainants are the Colorado State Board of Examiners of Architects and the individual members of said Board. They allege in their complaint that one James H. Johnson commenced an action against them in the district court of Jefferson county and in his complaint alleged: That he resided in Jefferson county; that he was an architect licensed to practice his profession within four other states; that he paid to the defendant board the sum of $25.00 and requested a certificate to practice architecture; that defendant board acting through the individual members thereof "then and there refused and has since refused and now refuses to grant to the Plaintiff a certificate to practice architecture in the State of Colorado."

In so far as Johnson sought relief against the state board, the prayer of his complaint was that citation issue to show cause why the Board of Architects should not forthwith issue to him a license to practice architecture; that an order issue requiring the board to certify to the district court a transcript of all records and proceedings in the matter; and that the board be required to admit the plaintiff "to the use and enjoyment of the right to practice architecture in the State of Colorado."

The district court of Jefferson county issued the rule to show cause, which was returnable ten days after service of the citation. Service of the citation was had upon the secretary of the Board in Denver, Colorado, on February 13, 1952. On February 19, 1952, the Attorney General, upon requirement of the Governor, entered an appearance in said action by filing an instrument entitled, "Motion to Change the Venue of the Action and to

Quash the Subpoena Duces Tecum." Pertinent parts of this motion are as follows:

"Comes now the Attorney General specially for the purpose of changing the venue of the action and for quashing the subpoena duces tecum heretofore issued out of this court, and for no other purpose; and with the requirement of the Governor of the State of Colorado first had and obtained moves the Court: (1) To change the venue of this action from the District Court of the County of Jefferson to the District Court of the City and County of Denver, State of Colorado, and as grounds for the motion shows the Court:

"(a)  That it appears from the face of the complaint that this is an action against the Colorado State Board of Examiners of Architects, and James M. Hunter, Dudley Tyler Smith, Thomas R. Fahey, Paul Atchison, and Earl C. Morris, individually and as members of said Board;

"(b)  That the State Board of Examiners of Architects is an agency of the State of Colorado, under the supervision and control of the Division of Registrations and within the Department of State, and its members and officers are 'public officers' of the State of Colorado;

"(c)  That the office of said State Board of Examiners of Architects is kept and maintained at 518 Empire Building, in the City and County of Denver, State of Colorado, and the secretary of said Board has his office at said place, and keeps and maintains the records of the proceedings of said State Board of Examiners of Architects at said described office, and that said office is a public office and the said records are public records, as defined by law;

"(d)  That it appears from the allegations of the complaint that: 'The plaintiff on or about April 1, 1951, paid to the defendant Board the sum of $25 and requested a certificate to practice architecture; the Defendant Board, acting by and through the individual members thereof being ·the individual Defendants herein named, then and there refused and has since refused and now

refuses to grant to the Plaintiff a certificate to practice architecture in the State of Colorado';

"(e) That Rule 98 (b) provides that: 'Actions upon the following claims shall be tried in the county where the claim, or some part thereof, arose; * * * (2) Against a public officer or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who by his command, or in his aid, does anything touching the duties of such officer, or for a failure to perform any act or duty which he is by law required to perform';

"(f) That the City and County of Denver is the county where the alleged claim, or some part thereof, arose, and is the county wherein the office of the said State Board is maintained and wherein its secretary keeps the records of the proceedings of the said Board, and is the county wherein said records are open to public examination." On March 13, 1952, the district court denied the motion for change of venue.

It now is asserted by complainants in this court that the district court was ousted of all jurisdiction save and except to transfer the said action to the district court of the City and County of Denver; and was, and is, without jurisdiction to enter any judgments, decrees or final orders in said action; and that the discretion vested in the district court was abused when the judge of said court denied the motion for change of venue, and ordered that the parties proceed to trial.

Respondents filed an answer to the complaint in this court. From this answer, and the record of the cause pending in the district court to which sufficient reference is made, it appears that in his complaint in the district court, Johnson asserted two separate claims. The first was that made against the Board seeking relief by mandatory injunction. The second claim was based upon allegations that the individual members of the Board have, with other architects, entered into a secret policy and agreement to bring about a closed shop for architects

already licensed, and have capriciously, maliciously and arbitrarily and in keeping with this understanding, denied Johnson his license to practice, to his damage. The prayer of the second count, as against the individual defendants, is for judgment in the sum of $25,000.00 for damages alleged to have been sustained by Johnson.

In addition to the answer, respondents have filed in this court a motion in which they seek to: "(a) Strike the purported appearance of the Attorney General, his deputies, aides and assistants for and on behalf of the above Complainants other than the Complaint [Complainant] Board. (b) Strike the purported appearance and names of James M. Hunter, Dudley Tyler Smith, Thomas R. Fahey, Paul Atchison and Earl C. Morris as Complainants." The ground upon which the motion is based is, that the Attorney General, his deputies, aides or assistants are not authorized or permitted to appear on behalf of the individual defendants.

Respondents also filed a motion to dismiss the cause in this court for the reason that the controversy is not a matter of great public importance, and if we were to entertain original jurisdiction the express provisions of Rule 116 R.C.P. Colo. would be violated or ignored. This rule treats generally the subject of invoking original jurisdiction of this court and provides, inter alia, "The fact that a court has erroneously granted or denied change of venue, or is otherwise proceeding without or in excess of jurisdiction, will not be regarded as sufficient."

The Attorney General argues that the complainants in this court could not appear generally in the district court action or go to trial on the merits involved in that case without waiving their right to change the venue of the action. He further contends that under the direction received by him from the Governor, his appearance as entered for the parties in the case in the district court was proper. Under the provisions of section 49 (a), chapter 2, Session Laws of Colorado 1941, the Attorney

General is directed to, " * * * prosecute and defend all actions and proceedings, civil and criminal, in which the State shall be a party *or interested* when required to do so by the Governor or General Assembly * * * ." (Emphasis supplied.) The Governor, in his instructions, directed, " * * * the Attorney General of the State of Colorado to appear and defend the said actions and to do all things that to him shall seem necessary in the premises to protect the interests of the State and its officers."

The position of respondents is that complainants James M. Hunter, Dudley Tyler Smith, Thomas R. Fahey, Paul Atchison and Earl C. Morris, in their capacity as individual defendants in the alleged claim for damages based upon tort, have not been heretofore, are not now, and cannot be represented by the office of the Attorney General. Counsel for respondents argue that since the only formal appearance on behalf of the "individual" defendants was made in the district court by the Attorney General, and since that official is without power or authority to represent such "individual" defendants, it follows that no valid request for change of venue has been made by them. It then is argued that since the "individual" defendants have made no valid request for change of venue as to them, the venue stands unchallenged. It also is argued that the effect of this situation is to defeat the right of the defendant Board to a change of venue under the rule that, if the venue of an action is proper as to one of multiple defendants, it will not be changed upon the request of others unless he joins in the request.

Questions to be Determined.

First: *Where, in a complaint, facts are alleged upon which a claim is made for relief by mandatory injunction against an administrative board of the State, in which such board is named defendant together with the members thereof in their official capacity; can an action for*

*damages based on tort against the individual members of said board be joined?*

This question is answered in the negative. Assuming, without so deciding, that a cause of action for damages based upon tort may under certain circumstances be maintained against the individual members of an administrative State board for a refusal on the part of said board to issue a license to the person who claims damage by reason thereof, such action cannot be joined with a proceeding in the nature of mandamus to compel the issuance of said license.

It is fundamental that causes of action in order to be properly joined must affect each of the defendants named in the same character or capacity. In 1 C.J.S., p. 1301, §98 f(1), we find the following: "To authorize a joinder of causes of action they must not only affect all of the defendants, as stated above in §98 a, but must affect each defendant in the same character or capacity. It is not permissible therefore to join distinct causes of action which affect the same defendant in different characters or capacities, whether in an individual and a representative capacity, as will appear below in §98 f(2), or in different representative capacities."

In *Board of Education of City of Roswell v. Seay*, 24 N.M. 74, 172 Pac. 1040, it was held that a taxpayer could not, in the same complaint, set up a cause of action against individual members of a school board for the recovery, on behalf of the school district, of money alleged to have been unlawfully paid out by such members, and in the same complaint join such parties in their official capacities as members of such board, and seek to enjoin them as such officials from making further unlawful payments of the school funds, as the two causes of action stated did not affect all the parties and did not charge them in the same capacity. We quote from Bliss on Code Pleading (3rd ed.) page 210, section 123, the following: "The several defendants must be charged in the same character. Officers of a municipal corporation

cannot, in the same action, be charged officially and personally; * * * ."

In the case of *Merrill v. Suffa,* 42 Colo. 195, 93 Pac. 1099, our court clearly indicated that under the code of civil procedure the rule above stated was enforced in this jurisdiction. We find nothing in Rule 18, R.C.P. Colo. which compels a departure from this long established and fundamental principle. Rule 20 R.C.P. Colo. relates to joinder of parties and has no application, for the reason that the question deals with misjoinder of claims.

It follows that the question argued relating to the authority of the Attorney General to appear for the "individual" defendants need not be answered. The authority of the Attorney General to appear for defendants in their capacity as members of the Board is not questioned. No claim concerning the liability of individuals for damages in tort can be adjudicated in the pending district court action. Such an action cannot be joined with the asserted claim for mandatory injunction.

Second: *Under applicable rules of civil procedure, where a motion for change of venue has been filed by defendants and said motion has been denied, can the defendants thereafter file an answer and proceed to trial without waiving the question of error based upon the denial of said motion?*

This question is answered in the affirmative. The law applicable to the question needs clarification. In the decisions in *Byram v. Piggot,* 38 Colo. 70, 89 Pac. 809, and *Lamar Alfalfa Milling Co. v. Bishop,* 80 Colo. 369, 250 Pac. 689, our court held that when a defendant in apt time files a motion for change of venue, based upon a ground which entitles him to the change as a matter of right, the court in which such motion is filed loses all jurisdiction of the action except to order the change.

The Attorney General resorts to an original proceeding in the nature of certiorari for the reason, as asserted by him, that if he files an answer in the district court

the alleged error based upon the denial of his motion for change of venue is waived. In *O'Rourke v. O'Rourke,* 58 Colo. 300, 144 Pac. 890, our court said: "The motion of defendant for a change of venue, sufficiently supported as it was, should have been allowed. However, upon the overruling of such motion, she voluntarily answered and ·went·to trial without further objection. This action re-invested the court with jurisdiction and waived her right to the change, because the court had jurisdiction of the subject-matter of the suit, it having been brought in one óf the three counties in which plaintiff might properly bring it." To like effect are the holdings in *Greeley & Loveland Irrigation Co. v. Farmers Pawnee Ditch Co.,* 58 Colo. 462, 146 Pac. 247, and *Phoenix Indemnity Co. v. Greger,* 39 Colo. 193, 88 Pac. 1066.

Rule 116 R.C.P. Colo. seems to state that original juris-diction of this court cannot be invoked by a party upon the sole ground that a court has erroneously granted or denied a change of venue, "or is otherwise proceeding without or in excess of jurisdiction." Under this rule the remedy of the aggrieved party would seem to be by writ of error. If he proceeds at once on writ of error and seeks review of the trial court's order denying change of venue, he faces the objection that he has no final judg-ment, and such writs are directed only to final judg-ments. He can get no final judgment without filing an answer, and, as asserted, an answer amounts to a waiver of the alleged error. We recognize that we have, on oc-casion, accepted original jurisdiction in cases where the trial court erred in denying a change of venue notwith-standing Rule 116 R.C.P. Colo. *Jameson v. District Court of the City and County of Denver,* 115 Colo. 298, 172 P. (2d) 449. In other cases we have refused to do so. The net result of these decisions leads to confusion. In the case of *Cole v. Hess,* 99 Colo. 417, 63 P. (2d) 882, we said: "We have held where a motion for a change of venue, which should have been granted, is overruled, the point is waived if the party proceeds without exception

or further objection. *O'Rourke v. O'Rourke*, 58 Colo. 300, 144 Pac. 890. But no reference is therein made to section 422 of our Code of Civil Procedure, page 179 C.L. 1921, which provides that 'No exceptions need be taken to * * * orders * * * sustaining or overruling written motions * * * for change of place of trial,' and it was apparently overlooked. Furthermore, our Rule 3 (Rules of the Supreme Court, 1929) provides: 'A party shall not be deemed to have waived his right to place of trial by appearance or plea if his objection thereto shall have been made in apt time, but the same may be reviewed on error as in other cases.' It thus clearly appears that the proper place for the trial of this cause was Alamosa county and the change should have been granted."

Following the clear indication of this language we now hold that, one who in apt time files a motion for change of venue and suffers an adverse ruling thereon does not waive the right to base a ground for reversal on the refusal of the trial court to grant the motion. The party who resists a motion for change of venue, to which his opponent is clearly entitled as a matter of right, does so at his peril. If the motion erroneously is denied and the moving party suffers adverse judgment, a reversal of the judgment with direction to change the venue would certainly follow. To treat the question in any other manner would be to encourage countless delays in the final disposition of cases in trial courts where actions would be stalled until the delays occasioned by proceedings invoking the original jurisdiction of this court were concluded. Thus the dockets of trial courts and this court would be clogged, and further burdened out of all proportion to any substantial justice which might thereby be served.

One of the grounds upon which respondents ask for dismissal of this original proceeding is that failure so to do would be contrary to the express provisions of Rule 116 R.C.P. Colo. It follows, from what we have said

heretofore that this ground of the motion to dismiss is good. We expressly do not pass upon the question as to whether the trial court erred in disposing of the motion for change of venue. We have endeavored to indicate the proper course to be followed in the district court action and to remove doubt as to the right of defendants to proceed without waiver of their right, if any, to a change of venue.

Accordingly the rule to show cause is discharged and the action is dismissed.