## No. 17,834.

WESTERN HOMES, INC., ET AL. *v.* DISTRICT COURT OF
THE CITY AND COUNTY OF DENVER, ET AL.

(296 P. [2d] 460)

Decided March 12, 1956.    Rehearing denied March 26, 1956.

Messrs. MEANS, MEANS & ROBERTS, Mr. STANLEY H. JOHNSON, for petitioners.

Mr. MAX D. MELVILLE, Mr. FRED M. WINNER, Mr. WILLIAM G. BERGE, for respondents.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is an original proceeding in the nature of prohibition.

Upon consideration of the petition filed by Western Homes, Inc., W. C. Homes, Inc., Mark S. Waggener and Frances K. Waggener, a rule was issued directing the district court of the City and County of Denver and the 232 individually named respondents to show cause why they should not be prohibited from going forward with an action pending in that court wherein the petitioners were defendants and the individual respondents were plaintiffs.

In the petition it is alleged that the district court action above referred to was filed by 232 individually named plaintiffs, that said plaintiffs severally sought to recover their pro rata share of damages in a sum in excess of $100,000.00 with interest, together with exemplary damages in the sum of $100,000.00 for alleged fraudulent misrepresentations by defendants to each of the plaintiffs in connection with the alleged sale by all of the defendants to the individual plaintiffs of 117 separate improved parcels of residential property; that the alleged misrepresentations were that no liens or charges were assessed against said pieces of property for construction and installation of water and sanitary sewage facilities; that the petitioners, defendants in said action, filed motions to dismiss for improper joinder of causes

of action; motions to sever defendants and motions to sever plaintiffs for improper joinder of parties, and motions to make specific; that all of said motions were denied.

It is alleged affirmatively in the petition that Mark Waggener and Frances Waggener had at all times been directors and stockholders in each of the corporations named defendants in the district court action; that another defendant, one Crawford, was for a time a director and stockholder in each of said corporations; that he ceased to be such director before all of the plaintiffs in said action had purchased their respective residences; that Western Homes, Inc., was incorporated November 30, 1951; that W. C. Homes, Inc., was organized September 5, 1952, which was more than five months after the numerous plaintiffs alleged in their complaint that fraudulent misrepresentations were made to each of them by *all* of the defendants; that each corporation acquired title to separate parcels of unimproved real estate at separate times and separately constructed residences upon separate lots of said parcels; that 117 separate residences were purchased by plaintiffs; that Western Homes, Inc., sold 74 separate residences to various individual plaintiffs between February 13, 1953 and October 7, 1953; and that W. C. Homes, Inc. sold 40 residences to various plaintiffs between May 12, 1953 and January 21, 1954. It further is alleged in the petition:

"Thus, although the plaintiffs alleged that they purchased their respective parcels from all of the defendants upon the basis of false representations made from April 1, 1952 to April 1, 1954 by all of the defendants (and as a part of a conspiracy by all of the defendants, as will later appear) record evidence was available, and the plaintiffs have in part admitted, and have not by affidavit denied; that each plaintiff, or co-owner plaintiffs, bought his or their residence at a different time from the purchases of the other plaintiffs, some buying from one corporation, some from the other; that one

defendant corporation was not in existence when the misrepresentations of all of the defendants were alleged to have begun; that no sales were made by either corporation until more than nine months after the misrepresentations were first alleged to have been made; and that the last sale to any plaintiff by either corporation was made more than two months before the joint misrepresentations were alleged to have ended."

In denying the motions filed by defendants (petitioners in this action) the trial court stated reasons, which we summarize as follows:

(1) Rule 18, R.C.P. Colo., permits a joinder of claims where there are multiple parties when the requirements of Rule 20 are met.

(2) Rule 20 permits multiple plaintiffs to join in one action multiple claims against multiple defendants, whether the interests of the plaintiffs are joint or several and whether their rights are asserted against the defendants jointly or severally, providing the plaintiffs assert any right to relief, "in respect of or arising out of the same transaction, occurrence, or a series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

(3) In plaintiffs' complaint facts are alleged under which evidence would be admissible to prove the existence of a single joint enterprise and conspiracy among all the defendants acting in concert to sell all of the properties by means of the false representations that the costs of the water and sewage plants were included in the purchase price paid by each plaintiff.

(4) If the defendants conspired together then each would be accountable for the acts of the others. On this theory it is not necessary for plaintiffs to prove that all the defendants made the representations to each plaintiff or at the same time or place.

(5) Plaintiffs have asserted a right to relief concerning the same transaction or series of transactions having a question of law or fact common to all of them. The

common question of fact is the common plan to defraud, and the common question of law is whether each defendant is liable because of a conspiracy.

Petitioners in this Court contend that:

(a) The complaint did not allege with sufficient particularity the circumstances of the alleged fraud to give the court jurisdiction to proceed with the action, as required by Rule 9(b), and *Ginsberg v. Zagar*, 126 Colo. 536, 251 P. (2d) 1080.

(b) The complaint did not allege a conspiracy by defendants. This theory was first raised in their answer brief filed with the trial court, but even though it may be held that a conspiracy is alleged the "rights of each plaintiff still depend upon his separate cause of action."

(c) The cause of action of each plaintiff is based upon a separate purchase, by each plaintiff, from one or the other of two corporations at separate times and under separate circumstances. A single misrepresentation, or a series of misrepresentations by all of the defendants, could not give rise to a cause of action by any plaintiff until such plaintiff, relying upon such misrepresentations, had purchased his parcel of real estate. There was no connection between the purchase by one plaintiff and the purchase by any other plaintiff. Misrepresentations to one plaintiff would not give rise to any cause of action by any other plaintiff. Misrepresentations by one corporate defendant could not lawfully be relied upon by a plaintiff purchasing from the other corporate defendant. The circumstances surrounding the purchase at separate times by separate purchasers of separate parcels of real estate for residential use from separate sellers cannot in law give rise to a single cause of action by all of the purchasers against all of the sellers. Rules 18 and 20 were not intended to, and do not, permit joinder of such causes in a single complaint either as separate causes, or as a single cause, of action.

(d) No question of law or fact common to all of the plaintiffs, or to all of the defendants, could arise in the

action within the meaning of Rule 20(a) and therefore the second of the two requisites to permissive joinder does not exist. Each plaintiff must prove his separate purchase of real estate from one of the corporate defendants and that he was entitled to, and did, rely on the misrepresentations of the vendor corporation, or some authorized person acting on behalf of the vendor. Whether the alleged misrepresentations were made by one of the defendants, or jointly by all of them, is immaterial in determining whether each plaintiff has a cause of action.

Questions to be Determined.

First: *Did the complaint in the district court action set forth the facts pertinent to the alleged fraud with sufficient particularity to meet the requirements of Rule 9(b) R.C.P. Colo.?*

This question is answered in the affirmative. Rule 9(b) requires that in averments of fraud or mistake, " * * * the circumstances constituting fraud or mistake shall be stated with particularity." In the complaint in the district court action it is alleged that each plaintiff purchased his land from and at the solicitation of defendants; that defendants falsely represented to each of the plaintiffs that the cost of construction of the plants furnishing water and sanitary facilities at the time of the respective sales to them had been paid and was included in the purchase price of the properties sold; that defendants made such representation to plaintiffs with knowledge that it was false, or with a reckless disregard as to its truth or falsity; that the representations were made with intent that each plaintiff would rely on them; that each plaintiff believed the representations to be true and relied thereon in making a purchase of property; that the representations were false, and that each plaintiff suffered damage. These allegations meet all the requirements of Rule 9(b) R.C.P. Colo., and the decision of this court as announced in *Ginsberg et al. v. Zagar, supra,* and cases cited therein.

Second: *Does the fact that the claim of each plaintiff is individually his own, and free from any right of other plaintiffs to share therein, result in a fatal misjoinder either of parties or claims?*

■ This question is answered in the negative. It is no longer necessary, as under our former Code of Civil Procedure *(Henrylyn Irrigation District v. O'Donnell et al.,* 98 Colo. 560, 58 P. (2d) 757) that each plaintiff have an interest in claims of the other plaintiffs before joining in a common suit with them. Rule 20 (a) R.C.P. Colo., specifically provides that, "A plaintiff * * * need not be interested in obtaining * * * all the relief demanded." Moore's Federal Practice (2nd ed.) vol. 3, sec. 20.05, page 2720.

Third: *Were the defendants in the district court action sued "in different capacities" as that phrase was construed in Colorado State Board of Examiners of Architects et al. v. District Court et al., 126 Colo. 340, 249 P. (2d) 146?*

■ This question is answered in the negative. Defendants were not, as their brief here insists, sued in different capacities. The fact that two of them are corporations and three of them individuals obviously does not create different capacities; otherwise no one could ever join a corporation and an individual in the same action. It is clear that they were all sued as principals in their individual capacities as having made personally, or connived at and acquiesced in making, the alleged false statements in question in forwarding their asserted joint scheme to defraud. A corporation can conspire and can commit a tort. This fact distinguishes *Colorado State Board of Examiners of Architects v. District Court,* 126 Colo. 340, 249 P. (2d) 146, relied upon by defendants.

Fourth: *Does the fact that each defendant did not actively participate in the sale to any particular plaintiff destroy the right of all plaintiffs to join in bringing the action against all the defendants?*

■ This question is answered in the negative. It is unnecessary, under the theory of conspiracy, that each

defendant shall have participated actively in any sale to any plaintiff, since, assuming the fact of a joint scheme each defendant would be responsible for and bound by all of the statements and acts of every other conspirator in furtherance of the conspiracy; and this would be true without regard to the date on which any defendant became a party to the fraudulent scheme.

"Everyone who enters into such a common design is in law a party to every act previously or subsequently done by any of the others in pursuance of it."

*Ellis v. Colorado National Bank, et al.,* 84 Colo. 266, 269 Pac. 997. See also *Morrison v. Goodspeed et al.,* 100 Colo. 470, 68 P. (2d) 458.

Fifth: *Under the allegations of the complaint in the district court action, do plaintiffs assert a right arising out of a "series of transactions" from which "any question of law or fact common to all" of them will arise; and do plaintiffs assert against defendants jointly a right to relief arising out of a "series of transactions" in which "any question of law or fact common to all" defendants will arise in the action?*

This question is answered in the affirmative. Rule 20 (a) R.C.P. Colo. requires, in order that a joinder of multiple parties and claims may be sustained, that there shall be a common question of law or fact among the defendants as well as among the plaintiffs.

It is true, as repeatedly argued by petitioners, that there are certain separate individual issues as to each plaintiff, to-wit: Whether the alleged false statement was made to him; whether he was induced by it to act, and did act; and whether he suffered damage. It also is true that there is a distinct individual issue as to each defendant, to-wit: Whether he, she or it was knowingly a party to the alleged fraudulent scheme. There also are issues of fact "common" among all plaintiffs and defendants, to-wit: Did defendants combine to make the false statement; did one or more of them, in pursuance of that scheme, knowingly make the false statement or

make it with a reckless disregard as to its truth or falsity, to the public generally, and to plaintiffs, with intent that prospective purchasers including plaintiffs should rely and act upon it?

The question of law common to the right of action of each plaintiff, as well as to the liability of each of the defendants, is this: If defendants did conspire and did make the alleged false representations, and the representations were acted upon by those to whom they were made, was such conduct actionable fraud in law? We think that the opinion in *Akely v. Kinnicutt*, 238 N.Y. 466, 144 N.E. 682, in which joinder of 193 plaintiffs was approved in an action against a number of defendants for fraud and misrepresentation, contained in a prospectus issued to the public generally, fully supports our position on this question. To like effect is the opinion of the Circuit Court of appeals in *Kaniz v. Anheuser-Busch, Inc.*, 194 F. (2d) 737.

The rule to show cause is discharged and the cause will proceed to issue and trial.