No. 19,274.

THE DENVER AND RIO GRANDE WESTERN RAILROAD
COMPANY *v.* THE DISTRICT COURT OF THE CITY
AND COUNTY OF DENVER, ET AL.
(347 P. [2d] 495)

Decided December 7, 1959.

Mr. T. A. WHITE, Mr. T. A. CHISHOLM, Mr. KENNETH
D. BARROWS, for petitioner.

No appearance for respondents.

*En Banc.*

MR. JUSTICE HALL delivered the opinion of the Court.

THE plaintiff, on November 4, 1959, filed its complaint
in this court seeking a writ in the nature of a writ of

mandamus, "commanding the District Court of the Second Judicial District, in and for the City and County of Denver, State of Colorado, and the Honorable Edward J. Keating, one of the judges thereof, in a certain case pending in said court and before said judge, being Case No. B-31629, Miriam Caldwell v. The Denver and Rio Grande Western Railroad Company," to: (1) expunge from said court's records an order entered October 5, 1959, denying plaintiff's rights to have said Caldwell answer seventeen interrogatories to her directed, and (2) for an order instructing said court and judge to require said Caldwell to answer said interrogatories.

On November 10, 1959, this court denied the relief requested. We now have before us a petition to reconsider our action and to grant the relief requested.

In their petition for reconsideration, counsel allege that:

"The information sought by the Railroad Company in these written interrogatories is in accordance with Rule 26B of the Colorado Rules of Civil Procedure, in that this information sought is not privileged and is relevant to the subject matter involved in the pending action, and, further, the evidence sought therein is either admissible in evidence or is information that is reasonably calculated to lead to the discovery of admissible evidence. * * *."

We agree with counsel that the interrogatories, or at least some of them, seek information that Rule 26B provides may be obtained; however, we do not agree with counsel's further statement that:

"By filing its original complaint with this Honorable Court, the plaintiff Railroad Company has exhausted its final remedy, at law or otherwise, to overcome the prejudicial orders of the said Court and Judge. * * *."

In Case No. B-31629, the correctness of the ruling of the trial judge can be reviewed by writ of error and a party refusing to answer questions does so at his peril, and such conduct may well be the basis for re-

versal of a favorable judgment obtained by the party refusing to answer. In *State Board v. District Court,* 126 Colo. 340, 249 P. (2d) 146, this court said:

" \* \* \* The party *who resists a motion for change of venue,* to which his opponent is clearly entitled as a matter of right, does so at his peril. If the motion erroneously is denied and the moving party suffers adverse judgment, a reversal of the judgment with direction to change the venue would certainly follow. \* \* \*." (Emphasis supplied.)

That language applies with equal force where a party refuses to answer proper questions propounded in a proper proceeding.

The facts presented in this complaint are quite different from those presented in Case No. 18,859, *Lucas v. District Court,* decided by this court March 9, 1959, 140 Colo. 510, 345 P. (2d) 1064. In the *Lucas* case, the information sought, namely, the policy limits of the defendant's liability insurance, admittedly would not be admissible in evidence; admittedly it would not lead to the possible discovery of admissible evidence, and therefore after trial of the case the question would be moot and not reviewable. Issuance of the order to show cause in that case is predicated to a large extent upon the fact that review could not be had by any other procedure.

We point out that our rules do not provide for the filing of a petition such as that which we have before us and the action taken in denying rather than striking the same shall not be considered as giving sanction or approval to such action.

The petition for reconsideration is denied.