25CA0805 Gottorff v DA of the 13th 12-18-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0805
Logan County District Court No. 25CV8
Honorable Dina M. Christiansen, Judge

---

David J. Gottorff,

Plaintiff-Appellant,

v.

District Attorney of the Thirteenth Judicial District of Colorado,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE MEIRINK
Fox and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 18, 2025

---

David J. Gottorff, Pro Se

No Appearance for Defendant-Appellee

¶ 1     David J. Gottorff appeals the district court's dismissal of his petition to require prosecution and his request for judicial review of agency action. We affirm.

## I.     Background

¶ 2     Gottorff was involved in two criminal trials in Ouray County District Court. A jury found him not guilty of stalking in Case No. 22CR4. In Case No. 22CR8, Gottorff was convicted of three counts of attempt to influence a public servant; one count of felony menacing — real/simulated weapon; and one count of stalking — serious emotional distress. He was sentenced to a controlling term of eight years in the custody of the Department of Corrections (DOC). Gottorff's counsel filed an appeal in Case No. 22CR8, which remains pending before this court. *People v. Gottorff*, (Colo. App. No. 23CA1857, filed Oct. 30, 2023). Gottorff also filed several pro-se postconviction motions, which the court denied.

### A.     The Underlying Action

¶ 3     In February 2025, acting pro se, Gottorff filed a petition to require prosecution pursuant to section 16-5-209, C.R.S. 2025, with the Logan County District Court. Gottorff's petition asked the Logan County District Court to order the District Attorney of the

Thirteenth Judicial District to prosecute the Executive Director of the DOC, the Warden of the Sterling Correctional Facility, and all DOC employees under their supervision and authority for having "knowingly engaged" in a "conspiracy" and a "pattern of racketeering" under the Colorado Organized Crime Control Act (COCCA), sections 18-17-101 to -109, C.R.S. 2025. Gottorff argued that he was being "unlawfully imprisoned" by the DOC pursuant to the "void sentence" imposed in Case No. 22CR8 after he was "acquitted" in Case No. 22CR4. Gottorff claimed that his imprisonment was intended to intimidate and prevent him from seeking prosecution for the jury tampering he witnessed and that he was entitled to immediate release.

¶ 4     Gottorff's petition mentioned that in October 2024, he filed a criminal complaint with the Office of Inspector General (OIG) for the DOC, alleging kidnapping, intimidating a witness, and accessory to the crime of jury tampering. Gottorff indicated that the OIG opened a case and referred the allegations to the Federal Bureau of Investigation, the U.S. Attorney's Office, and the Colorado Attorney General's Office. Despite Gottorff's requests for a status update, however, the OIG did not respond.

¶ 5     After filing his petition to require prosecution, Gottorff filed a document titled "Commencement of Judicial Review Pursuant to Section 24-4-106" and an opening brief seeking review of two offender grievances that the DOC denied.  Specifically, Gottorff challenged the DOC's decisions denying his request for it to "comply with the Victim and Witness Rights Act" (VWRA) and his request for the DOC not to interfere with the OIG's investigation.

### B.     Procedural Posture of the Underlying Action

¶ 6     The court dismissed with prejudice the petition for prosecution and the request for judicial review of agency action.  In its order, the court clarified that Gottorff was "found guilty of all charges upon the conclusion of a jury trial" in Case No. 22CR8, that he "filed several post trial motions" and "[e]ach motion was considered and ruled upon," and that the "sentence was not found to be void or unlawful."  The court explained that it did "not have jurisdiction over the alleged offense because this matter stem[med] from an Ouray County matter, not Logan County."  The court also noted that it did "not find grounds to file an affidavit alleging the commission of a crime" and that Gottorff "simply disputes his sentence" and those were "not grounds to force the district attorney

3

to prosecute the [DOC] for complying with the orders issued upon conclusion of a jury trial." Finally, because Gottorff's opening brief, which pertained to Gottorff's request for judicial review, cited different statutory authorities, the court found that Gottorff "failed to provide proper notice of his new and evolving legal theories." Gottorff appeals.

## II. Analysis

¶ 7 Gottorff alleges several errors, which broadly fall into two categories — those pertaining to the court's decision to dismiss his petition to require prosecution and those pertaining to the court's decision to dismiss his request for judicial review.[1] We address both categories in turn.

---

[1] Gottorff is pro se. We broadly construe the pleadings of a self-represented litigant to ensure they are not denied review of important issues for lack of ability to articulate arguments like a lawyer. *People v. Cali*, 2020 CO 20, ¶ 34 (citing *Jones v. Williams*, 2019 CO 61, ¶ 5). But we will not rewrite pleadings or act as an advocate for a pro se litigant. *Id.* And Gottorff is not exempt from complying with the rules that all parties must follow. *See Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶ 11.

A.    The Court Had Jurisdiction to Rule on Gottorff's Petition to Require Prosecution

¶ 8    Gottorff contends that the court erred by dismissing his petition to require prosecution for lack of jurisdiction.  We agree.

### 1.    Standard of Review

¶ 9    We apply a mixed standard of review to complaints dismissed for lack of subject matter jurisdiction.  *City of Boulder v. Pub. Serv. Co. of Colo.*, 996 P.2d 198, 203 (Colo. App. 1999).  We review de novo whether a court had subject matter jurisdiction and accept the court's findings of fact unless they are clearly erroneous and unsupported by the record.  *Id.*

### 2.    Analysis

¶ 10    Section 16-5-209 provides, in relevant part, that

> [t]he judge of a court *having jurisdiction of the alleged offense*, upon affidavit filed with the judge alleging the commission of a crime and the unjustified refusal of the prosecuting attorney to prosecute any person for the crime, may require the prosecuting attorney to appear before the judge and explain the refusal.

(Emphasis added.)

¶ 11    The court dismissed Gottorff's petition for lack of jurisdiction because it concluded that Gottorff's allegations — that he was being illegally detained on a void sentence entered in Case No. 22CR8 by

5

the DOC in retaliation for witnessing jury tampering in one of his Ouray County criminal cases — arose from a matter in Ouray County, not Logan County. We disagree with the court's conclusion for two reasons.

¶ 12 First, district courts in Colorado are courts of general jurisdiction. Colo. Const. art. VI, § 9(1). They have jurisdiction over all criminal cases in which the charged offense is committed either wholly or partially within the state. § 18-1-201, C.R.S. 2025. Because the alleged offense for which Gottorff sought to compel prosecution was committed within the state, the district court had jurisdiction over the petition to require prosecution. The district court appears to have confused the concepts of jurisdiction and venue.

¶ 13 Second, venue was appropriate in the district court. True, criminal actions are to be tried in the county where the offense was committed, § 18-1-202(1), C.R.S. 2025, and Gottorff's allegations of jury tampering originated in Ouray County. But Gottorff's argument was that the DOC continued to detain him illegally in Logan County. In other words, because at least part of the alleged crime was the DOC's detention of Gottorff in Logan County, venue

was appropriate in the Logan County District Court. Thus, the district court had both jurisdiction and venue and erred by dismissing Gottorff's petition on those bases. Even so, we conclude that the court properly dismissed the petition, as we explain next.

### B. The Court Properly Dismissed Gottorff's Petition Requiring Prosecution Under Section 16-5-209

¶ 14 Gottorff alleges that the court erred by dismissing his petition on the merits because it (1) was required to consider the evidence in the affidavit and the arguments of the parties in its analysis and (2) should have held the "special statutory proceeding" requiring the district attorney to explain his decision not to prosecute the DOC. We disagree.

### 1. Standard of Review and Applicable Law

¶ 15 Review of a petition under section 16-5-209 is a mixed question of law and fact. *J.S. v. Chambers*, 226 P.3d 1193, 1202–03 (Colo. App. 2009). We review the district court's application of a legal standard de novo and review its findings of fact and credibility for clear error. *Id.* at 1203.

¶ 16 Under section 16-5-209, a judge may require the prosecuting attorney to prosecute a case or appoint a special prosecutor to do

so. A party seeking a judge's order to prosecute must file an affidavit alleging (1) "the commission of a crime" and (2) the prosecuting attorney's unjustified refusal to prosecute individuals for the crime. § 16-5-209. The court "may require the prosecuting attorney to appear before the judge" and to explain the refusal to prosecute, *id.*, but it is within the district court's discretion whether to require the prosecuting attorney to do so. *Kailey v. Chambers*, 261 P.3d 792, 795 (Colo. App. 2011). The district court considers the competent evidence in the affidavit in deciding whether to grant the petition for prosecution. *J.S.*, 226 P.3d at 1203.

### 2. Analysis

¶ 17 The court reviewed Gottorff's affidavit and concluded that he failed to provide allegations that a crime had been committed; rather, Gottorff simply disputed the sentence imposed in Case No. 22CR8. The court noted that these were "not grounds to force the district attorney to prosecute the [DOC] for complying with the orders issued upon conclusion of a jury trial" and that Gottorff's sentence was "not found to be void or unlawful." *See Tooley v. Dist. Ct.*, 549 P.2d 772, 773–74 (Colo. 1976) (holding that a petition for prosecution and affidavit were insufficient when they related to

actions in other districts and contained allegations that were largely unsubstantiated and based solely upon information and belief).

¶ 18 We agree that the petition failed to allege criminal actions committed by the DOC. Gottorff's petition alleges that the District Attorney of the Seventh Judicial District retaliated against him for reporting jury tampering. But the petition seeks prosecution of the DOC, not the district attorney. The petition does not explain why the DOC's compliance with the Ouray court's sentence constitutes a crime because his conviction and sentence have not been found to be void or unlawful.

¶ 19 The petition and affidavit also failed to allege that the District Attorney of the Thirteenth Judicial District refused to prosecute the "crimes." While Gottorff's affidavit claimed that he did not receive a response from the OIG, these allegations alone don't demonstrate that the case was referred to the district attorney or that the district attorney refused to prosecute anyone for the alleged offenses. Gottorff's petition only noted that he filed a criminal complaint with the OIG, who opened a case and referred the allegations to other parties. Because Gottorff's affidavit fails to detail the district

attorney's refusal to prosecute as required by section 16-5-209, the court did not err by dismissing the petition.

¶ 20    Having determined that the court properly dismissed Gottorff's petition requiring prosecution, we perceive no abuse of discretion with its decision not to require the district attorney to explain why he didn't prosecute the DOC.  *See Kailey*, 261 P.3d at 795 (recognizing that the court has discretion and "*may* require the prosecuting attorney to appear before the judge and explain the refusal" (quoting § 16-5-209)).

### C.    The Court Did Not Err by Dismissing Gottorff's Request for Judicial Review

¶ 21    Gottorff contends that the district court improperly dismissed his request to review the DOC's decision to deny two of his offender grievances.  Specifically, he argues that the court should have given him the opportunity to serve the DOC before dismissing the action. We disagree.

### 1.    Standard of Review

¶ 22    "A court's jurisdiction to review an agency action is a question of statutory interpretation" that we review de novo.  *Peabody Sage Creek Mining, LLC v. Colo. Dep't of Pub. Health & Env't*, 2020 COA

127, ¶ 9. A party aggrieved by an agency action may commence a judicial review of that action in the district court within thirty-five days after such agency action becomes effective. § 24-4-106(4), C.R.S. 2025.

## 2. Analysis

¶ 23 The underlying action was commenced to compel the District Attorney of the Thirteenth Judicial District to prosecute the DOC for illegally detaining him in Logan County. Rather than initiating a separate proceeding seeking judicial review of an agency action, Gottorff filed a document titled "Commencement of Judicial Review Pursuant to C.R.S. 24-4-106" and a "Judicial Review Opening Brief" in the underlying case. Because Gottorff failed to explain how his request for judicial review was relevant to the underlying case or why he didn't file a motion to include the DOC as a defendant, the court concluded that Gottorff had cited "different statutory authorities in his opening brief" and "failed to provide proper notice of his new and evolving legal theories."

¶ 24 Gottorff claims that it was not proper for him to name the DOC as a party to a section 16-5-209 action. And even if the DOC should have been included as a party in the underlying action, he

argues that the court shouldn't have dismissed the judicial review action "for failure to join an indispensable party until an opportunity has been afforded . . . to bring the indispensable party into the action." We disagree.

¶ 25 To be properly joined, causes of action must affect each named defendant in the same character or capacity. *Colo. State Bd. of Exam'rs of Architects v. Dist. Ct.*, 249 P.2d 146, 149 (Colo. 1952). C.R.C.P. 20 provides that a party may be joined in an action where the right to relief asserted against the parties arises "out of the same transaction, occurrence, or series of transactions or occurrences" or there is a common question of law or fact among the defendants. C.R.C.P. 20(a).

¶ 26 Although the petition to require prosecution and Gottorff's request for judicial review of agency action share an allegation that Gottorff is imprisoned unlawfully, the causes of action and requested relief are distinct. The legal question presented by the petition for prosecution is whether the district attorney abused his discretion by refusing to prosecute the DOC for detaining Gottorff on a sentence imposed in Ouray County. The legal question in the judicial review action is whether the DOC properly denied Gottorff's

12

offender grievances — none of which concern the district attorney or the exercise of prosecutorial discretion. Gottorff asked the court to order the DOC to (1) comply with the VWRA and (2) stop interfering with the OIG's investigation and place him in contact with federal law enforcement.

¶ 27    Thus, because the underlying action — asking the court to require the district attorney to prosecute the DOC — was entirely distinct from Gottorff's request for agency review — of the DOC's decision to deny two inmate grievances — the court properly dismissed Gottorff's request for judicial review.

## D.    Gottorff's Remaining Claims

¶ 28    Because they were never raised before the district court, we decline to consider Gottorff's request for this court to address (1) whether DOC employees can be prosecuted for conduct under the federal Racketeer Influenced and Corrupt Organizations Act and the COCCA and (2) the process for a witness to enforce their rights and protections under the VWRA. *People in Interest of K.L-P.,* 148 P.3d 402, 403 (Colo. App. 2006) ("[A]rguments never presented to, considered by, or ruled upon by a trial court may not be raised for the first time on appeal."). Also, courts may only resolve live cases

13

or controversies, *In re Parental Responsibilities Concerning C.E.S.K.*, 2025 COA 51, ¶ 16, and we lack authority to provide advisory opinions based on hypothetical facts. *Tippett v. Johnson*, 742 P.2d 314, 315 (Colo. 1987).

## III.   Disposition

¶ 29    We affirm the court's judgment of dismissal with prejudice.

JUDGE FOX and JUDGE BROWN concur.